ESTATES, INC. AND TIMBERLYNE INVESTMENT CO., PETITIONERS v. TOWN OF CHAPEL HILL, A NORTH CAROLINA MUNICIPALITY, AND ITS TOWN COUNCIL, RESPONDENTS, RAY L. CARPENTER, ET UX, ET AL., INTERVENORS

No. COA97-842

(Filed 1 September 1998)

1. **Appeal and Error— no objection in record—issue not preserved**

   A cross-appeal from the granting of a motion to intervene was dismissed where there was no evidence in the record of any objection, although petitioners asserted in their brief that they had objected.

2. **Judgments— automatic stay—not an injunction—voluntary compliance permitted**

   A motion in the Court of Appeals to dismiss the intervenors' appeal from a superior court order reversing the denial of a special use permit was granted where the Town Council had voluntarily issued the permit followng intervenor's appeal of a court order requiring the permit. The superior court's order to the Council to grant the permit was an appellate court's mandate to a lower tribunal, not an injunction, and the automatic Rule 62 stay against enforcement proceedings did not vacate the order, nor did it prohibit the Council from voluntarily complying with the order of the superior court. The Town Council's voluntary action rendered moot the issues raised in intervenors' appeal; to prevent the Town Council from issuing the permit, intervenors should have obtained an injunction prohibiting such issuance pending their appeal.

Appeal by intervenors from orders entered 15 May 1997 and 3 June 1997 by Judge Clarence Carter in Orange County Superior Court. Cross-appeal by petitioners from order entered 1 April 1997 by Judge Robert H. Hobgood in Orange County Superior Court. Heard in the Court of Appeals 19 February 1998.

*Brown & Bunch, by M. LeAnn Nease, for petitioner-cross-appellant Estates, Inc.*

*Alexander & Miller, by Sydenham B. Alexander, Jr., and Michael B. Brough & Associates, by Michael B. Brough, for petitioner-cross-appellant Timberlyne Investment Co., LLC.*

**ESTATES, INC. v. TOWN OF CHAPEL HILL**

[130 N.C. App. 664 (1998)]

*Northen Blue, L.L.P., by David M. Rooks, III, for intervenors-appellants.*

LEWIS, Judge.

Petitioner Estates, Inc. ("Estates") is a South Carolina corporation authorized to transact business in North Carolina. Petitioner Timberlyne Investment Co., LLC ("Timberlyne") is a North Carolina limited liability corporation. By virtue of an Offer to Purchase and Contract executed on 5 January 1995, Timberlyne is the prospective vendor, and Estates is the prospective vendee, of an irregularly shaped 34-acre parcel of land in Chapel Hill, North Carolina (hereinafter "the Property"). The Property is subject to residential zoning restrictions.

Estates wants to build twenty-two single-family homes and 240 apartment units on the Property. Because the development proposed by Estates is a "Planned Development for Housing" as that term is defined in the Chapel Hill Zoning Ordinance ("Ordinance"), *see* Ordinance § 18.8.6, Estates was required to obtain a special use permit from the Chapel Hill Town Council. Ordinance §§ 18.1, 18.2. The Town Manager and the Planning Board of the Town of Chapel Hill each recommended that the special use permit be granted. On 24 February 1997, however, after four public hearings, the Town Council voted 7-2 to deny the application.

On 7 March 1997, petitioners filed in Orange County Superior Court a petition for review in the nature of certiorari pursuant to N.C. Gen. Stat. § 160A-381 (Cum. Supp. 1997). On 17 March 1997, intervenors Ray L. Carpenter and others filed a motion to intervene, which the superior court granted. Intervenors are the owners of property in the immediate vicinity of petitioners' proposed development.

By order filed 15 May 1997 and modified effective 3 June 1997, the superior court reversed the Council's denial of petitioners' application for a special use permit and directed the Council to approve the application and issue the permit. Intervenors filed notice of appeal with this Court on 5 June 1997. On 9 June 1997, in compliance with the mandate of the superior court, the Town Council issued the special use permit sought by petitioners.

Intervenors appeal from the superior court's reversal of the Town Council's decision. Petitioners have moved to dismiss intervenors' appeal, and they have cross-appealed from the superior

court's grant of intervenors' motion to intervene. We address the cross-appeal first.

[1] The issue of whether the motion to intervene should have been denied is not properly before us. To preserve this issue for appellate review, petitioners were required to present to the superior court a timely objection to the motion to intervene. N.C.R. App. P. 10(b). Petitioners assert in their cross-appellate brief that they did object to the motion, but there is no evidence in the record that any objection was made. *See* N.C.R. App. P. 9(a) (limiting review on appeal to evidence in the record). Petitioners have not, therefore, preserved this issue for appellate review. Because the cross-appeal raises this issue alone, it is dismissed.

[2] We find merit, however, in petitioners' motion to dismiss intervenors' appeal. This Court originally denied petitioners' motion to dismiss, without opinion, by order entered 11 February 1998. We have since reconsidered that ruling and now dismiss intervenors' appeal.

Petitioners argue that intervenors' failure to take appropriate steps to "preserve the status quo" in this case has mooted their appeal. Specifically, petitioners argue that because intervenors did not act to prevent the Town Council from issuing the permit in compliance with the superior court's mandate, the questions raised in intervenors' appeal are moot. We agree. Before we explain our agreement with petitioners, however, we must clarify what the intervenors should have done to prevent their appeal from becoming moot.

Petitioners suggest that following the entry of the superior court's order, intervenors should have obtained a stay under Rule 62 of the North Carolina Rules of Civil Procedure. Intervenors concede that they never obtained a stay. For the reasons discussed below, we hold that the superior court's mandate was automatically stayed when it was entered on 15 May 1997; nevertheless, this stay did not prohibit the Town Council from voluntarily issuing the special use permit on 9 June 1997.

Rule 62 provides in relevant part,

(a) *Automatic stay; exceptions—Injunctions and receiverships.*—Except as otherwise stated herein, no execution shall issue upon a judgment nor shall proceedings be taken for its enforcement until the expiration of the time provided in the controlling statute or rule of appellate procedure for giving notice of

ESTATES, INC. v. TOWN OF CHAPEL HILL

[130 N.C. App. 664 (1998)]

appeal from the judgment. Unless otherwise ordered by the court, an interlocutory or final judgment in an action for an injunction or in a receivership shall not be stayed during the period after its entry and until an appeal is taken or during the pendency of an appeal.

N.C.R. Civ. P. 62(a). Petitioners argue that the latter portion of Rule 62(a) applies here, and thus the superior court's order that the Town Council issue the special use permit was not automatically stayed. We agree that Rule 62 applies to this case, but we disagree with petitioners' characterization of their case as an "action for an injunction."

Petitioners did not seek an injunction from the superior court. They sought to have the superior court review, in the nature of certiorari, the Town Council's decision to deny the special use permit, pursuant to N.C. Gen. Stat. § 160A-381. When a superior court's jurisdiction is invoked under G.S. 160A-381, the superior court judge sits as an appellate court, not a trial court. *Batch v. Town of Chapel Hill*, 326 N.C. 1, 11, 387 S.E.2d 655, 662 (1990) (holding that when superior court reviews a town council's denial of a special use permit, it has no authority to grant summary judgment). In this case, because the superior court was sitting as an appellate court in review of a quasi-judicial decision by the Town Council, it had no authority to grant an injunction. Injunctions are equitable remedies ordinarily fashioned by trial courts. In this case, the superior court's order to the Town Council to grant the special use permit was an appellate court's mandate to a lower tribunal, not an injunction. *See Everett v. U.S. Life Credit Corp.*, 314 N.C. 113, 332 S.E.2d 480 (1985) (providing an example of an appellate mandate).

As stated above, we believe that Rule 62 does apply to a superior court's review under 160A-381 of a town council's grant or denial of a special use permit, even though the superior court reviews that decision as an appellate court. *See* N.C.R. Civ. P. 1 (stating that Rules of Civil Procedure govern all proceedings of a civil nature in the superior courts of North Carolina unless otherwise provided by statute); N.C.R. App. P. 1(a) (stating that Rules of Appellate Procedure govern procedure in "all appeals from the courts of the trial division to the courts of the appellate division"). The term "judgment" as used in Rule 62(a) must include the mandate of a superior court when it sits as an appellate court under G.S. § 160A-381. It follows that in this case, an automatic stay against proceedings to enforce the superior court's mandate arose when the order was entered on 15 May 1997.

The stay lasted until the time to file notice of appeal expired on 16 June 1997. *See* N.C.R. Civ. P. 62(a); N.C.R. App. P. 3(c); N.C.R. App. P. 27(a).

The stay against enforcement proceedings did not, however, vacate the order of the superior court; the order remained in full force and effect. *See* N.C. Gen. Stat. § 1-296 (1996). Nor did the stay prohibit the respondent Chapel Hill Town Council from *voluntarily* complying with the order of the superior court. Obviously, a stay against enforcement proceedings only prohibits the enforcement of an order through legal proceedings. It does not prohibit a party's voluntary compliance with that order.

Once the superior court entered its order, there was a risk the Town Council would heed it voluntarily. This risk was underscored by the Town's open refusal to appeal from the superior court's ruling. To guard against this risk, to prevent the Town Council from issuing the special use permit, intervenors should have obtained an injunction prohibiting such issuance pending resolution of their appeal. In fact, no injunction was obtained, and the Town Council proceeded to issue the special use permit in compliance with the superior court's mandate.

The Council's action has rendered moot the issues raised in intervenors' appeal. These issues are: (1) whether the superior court committed reversible error in reversing the Council's denial of the special use permit, based on the conclusion that the facts found by the Council in support of its denial were not supported by competent, material and substantial evidence; and (2) whether the superior court committed reversible error in reversing the Council's denial of the special use permit, based on the conclusion that the denial was arbitrary, capricious, and unreasonable. (Intervenors have *not* assigned error to the superior court's order that the Town Council issue the special use permit.)

Our review of this case is limited to determining whether the Town Council's quasi-judicial decision to deny the permit in the first place was lawful. *See Coastal Ready-Mix Concrete Company v. Board of Commissioners*, 299 N.C. 620, 626-27, 265 S.E.2d 379, 383 (1980). A reversal of the superior court's ruling by this Court would have the limited effect of affirming the Council's initial denial of petitioners' request for a special use permit. It would do nothing to invalidate the permit later issued voluntarily by the Council pursuant to the superior court's mandate.

**ESTATES, INC. v. TOWN OF CHAPEL HILL**

[130 N.C. App. 664 (1998)]

Intervenors argue that the issues raised in their appeal are not moot, citing *Ferguson v. Riddle*, 233 N.C. 54, 62 S.E.2d 525 (1950). *Ferguson* is not applicable.

In *Ferguson*, plaintiffs sued members of the local Board of Elections to prevent a scheduled vote on whether the sale of beer and wine should be legalized in Moore County. *Id.*, 62 S.E.2d at 526. In their complaint, plaintiffs argued that such a vote would be unlawful and "prayed that defendants be restrained from holding said election and that the court adjudge that the election, if held under the circumstances stated, would be illegal and void." *Id.* at 54-55, 62 S.E.2d at 526. The superior court found for defendants and refused to issue a restraining order. The election was held. Plaintiffs appealed, and defendants argued that the questions raised by the appeal were mooted by the occurrence of the election. Our Supreme Court disagreed, noting that "restraining the election was not the sole object" of plaintiffs' case; the plaintiffs also "alleged that the election, if called and held on the date named, . . . would be illegal and void, and that if the vote went against the legal sale of beer and wine property rights of the plaintiffs and others would be materially affected." *Id.* at 56, 62 S.E.2d at 527.

*Ferguson* is not, as intervenors argue, directly analogous to this case. In *Ferguson*, the validity of the election was an issue raised by petitioners and ruled upon by the superior court; it was thus reviewable by the Supreme Court. In this case, the question of whether the permit issued by the Town Council is valid was never ruled on by any court and therefore is not before us.

Intervenors' purpose in bringing their appeal was, plainly, to prevent the special use permit from being issued to petitioners. That relief can no longer be granted in this case. The issues raised in intervenor's appeal are therefore moot, and we will not address them. *See Benvenue Parent-Teacher Ass'n v. Nash County Board of Education*, 275 N.C. 675, 679, 170 S.E.2d 473, 476 (1969).

Order entered by this panel of the Court of Appeals on 11 February 1998, denying petitioners' motion to dismiss intervenors' appeal, is rescinded.

Petitioners' motion to dismiss intervenors' appeal is allowed.

Petitioners' cross-appeal is dismissed.

Judges MARTIN, John C. and MARTIN, Mark D., concur.