CAROLINA MARINA AND YACHT CLUB, LLC, a North Carolina limited liability company, Petitioner v. NEW HANOVER COUNTY BOARD OF COMMISSIONERS and NEW HANOVER COUNTY, Respondents, and VIOLET WARD, Intervenor–Respondent

No. COA10-77

(Filed 21 September 2010)

**Appeal and Error— mootness—appeal dismissed**

Respondent intervenor's appeal from the superior court's order reversing the New Hanover County Board of Commissioners' order, which denied the application of Carolina Marina and Yacht Club, LLC for a special use permit, was dismissed as moot. Respondent intervenor's purpose in bringing her appeal was plainly to prevent the special use permit from being issued to Carolina Marina and that relief could no longer be granted.

Appeal by intervenor-respondent from order entered 6 August 2009 by Judge Gary L. Locklear in New Hanover County Superior Court. Heard in the Court of Appeals 30 August 2010.

*Shanklin & Nichols, LLP, by Kenneth A. Shanklin and Matthew A. Nichols, for petitioner-appellee Carolina Marina and Yacht Club, LLC.*

*Kurt B. Fryar, for intervenor-respondent-appellant Violet Ward.*

Martin, Chief Judge.

Violet Ward appeals from the superior court's 6 August 2009 order reversing the New Hanover County Board of Commissioners' 7 July 2008 order, which denied the application of Carolina Marina and Yacht Club, LLC for a special use permit. For the reasons stated herein, we dismiss this appeal as moot.

Carolina Marina and Yacht Club, LLC ("Carolina Marina"), a North Carolina limited liability company, is the record owner of the real property at 1512 Burnett Road, which is located in an R-15 residential zoning district in Wilmington, North Carolina. On 7 May 2008, Carolina Marina submitted a special use permit application to the New Hanover County Planning Department ("the Planning Department") concerning the property at 1512 Burnett Road. At the time Carolina Marina submitted its permit application, the Burnett Road property was already operating as a commercial marina in accordance with Special

Use Permit No. 13 ("the S-13 permit"), which had been issued on 7 June 1971 to a family member of the parties from whom the Burnett Road property was later conveyed to Carolina Marina.

The current S-13 permit for the Burnett Road property allows for two piers, a boat ramp, a 3-story clubhouse, surface parking for 41 boats, and associated parking for the combined uses. Carolina Marina's May 2008 application to the Planning Department requested a permit allowing, among other things, the construction of a dry stack storage structure approximately 40 feet high, 115 feet wide, and 290 feet long, which would be capable of storing up to 200 boats, and the elimination of an existing marina boat ramp to accommodate the construction of a fortified forklift pier, which would be capable of use by a marine forklift that would carry and deliver boats between the dry stack storage structure and the water at the end of the pier.

On 5 June 2008, the Planning Department voted 4-0 to recommend the denial of Carolina Marina's permit application. On 7 July 2008, Carolina Marina's permit application was considered by the New Hanover County Board of Commissioners ("the Board") at a public hearing. After considering all of the evidence presented, the Board voted unanimously to deny Carolina Marina's request for a special use permit, which was identified by the Board as proposed special use permit S-582.

On 22 August 2008, Carolina Marina sought review of the Board's decision to deny its request by petition for writ of certiorari in the New Hanover County Superior Court, which the court allowed. On 30 June 2009, Violet Ward, who owned property in the immediate vicinity of the property that was the subject of Carolina Marina's special use permit proposal, moved to intervene in the action as a respondent.[1] After conducting a hearing on the matter, on 6 August 2009, the superior court entered an order in which it (1) reversed the Board's decision denying Carolina Marina's application for proposed special use permit S-582, (2) granted Violet Ward's motion to intervene, and (3) remanded the matter to the Board with instructions that it should enter an order granting Carolina Marina's application for proposed special use permit S-582.

On 8 September 2009, only Violet Ward filed notice of appeal from the superior court's 6 August 2009 order; neither the Board nor New

---

1. Ms. Ward's son, David, sought to intervene in the action by the same motion. Because the superior court subsequently determined that David Ward merely resided on neighboring property and did not own said property, the superior court denied the motion to intervene as to David Ward.

Hanover County appealed from the superior court's order. On the same day, Violet Ward filed an Application for Stay in the superior court, in which she requested that the court stay its 6 August 2009 order until the resolution of her appeal by this Court. On 30 October 2009, Violet Ward filed a Motion for Injunction Pending Appeal in the superior court, in which she prayed the superior court to enter an injunction against the Board from issuing Carolina Marina's permit in accordance with the 6 August 2009 order. On 16 November 2009, the superior court denied Violet Ward's Application for Stay and Motion for Injunction Pending Appeal. On 23 November 2009, Violet Ward filed a Petition for Writ of Supersedeas and Temporary Stay and Temporary Injunction in this Court (P09-930). This Court denied Violet Ward's petition for writ of supersedeas on 7 December 2009.

On 16 December 2009, the Board entered an order granting Carolina Marina's application for special use permit S-582 "[b]ased upon [the Board's] hearing and the decision rendered on July 7, 2008 and the Order of Superior Court Judge Gary Locklear dated August 6, 2009 . . . ." On 19 April 2010, Carolina Marina filed its Notice of Mootness and Motion to Dismiss Appeal as Moot.

---

Whenever, during the course of litigation, "it develops that the relief sought has been granted or that the questions originally in controversy between the parties are no longer at issue, the case should be dismissed, for courts will not entertain or proceed with a cause merely to determine abstract propositions of law." *In re Peoples*, 296 N.C. 109, 147, 250 S.E.2d 890, 912 (1978), *cert. denied sub nom. Peoples v. Jud'l Standards Comm'n of N.C.*, 442 U.S. 929, 61 L. Ed. 2d 297 (1979). "Unlike the question of jurisdiction, the issue of mootness is not determined solely by examining facts in existence at the commencement of the action." *Id.* at 148, 250 S.E.2d at 912. "If the issues before a court or administrative body become moot *at any time during the course of the proceedings*, the usual response should be to dismiss the action." *Id.* (emphasis added).

Here, Carolina Marina moved to dismiss Violet Ward's appeal on the grounds that the Board's 16 December 2009 order, which issued the special use permit S-582 sought by Carolina Marina, rendered moot the issues raised by Violet Ward's appeal. In so doing, Carolina Marina relies upon this Court's opinion in *Estates, Inc. v. Town of Chapel Hill*, 130 N.C. App. 664, 504 S.E.2d 296 (1998), *disc. reviews denied*, 350 N.C. 93, 527 S.E.2d 664-65 (1999). *In Estates, Inc. v. Town*

*of Chapel Hill*, the respondent's town council denied an application for a special use permit requested by the petitioners. *See Estates*, 130 N.C. App. at 665, 504 S.E.2d at 298. The petitioners sought review of this decision by certiorari in the superior court pursuant to N.C.G.S. § 160A-381, and the owners of property in the immediate vicinity of the petitioners' proposed development moved to intervene, which the superior court allowed. *See id.* After considering the matter, "the superior court reversed the Council's denial of petitioners' application for a special use permit and directed the Council to approve the application and issue the permit." *Id.* The intervenors appealed to this Court from the superior court's order. *See id.*

Four days later, during a time when the superior court's order was automatically stayed pursuant to N.C.G.S. § 1A-1, Rule 62, "in compliance with the mandate of the superior court, the Town Council issued the special use permit sought by petitioners." *Id.* at 665, 667-68, 504 S.E.2d at 298, 299. The petitioners then sought to dismiss the intervenors' appeal to this Court on the grounds that the questions raised by the appeal had become moot as a result of the subsequent issuance of the permit by the respondent's town council. *See id.* at 665-66, 504 S.E.2d at 298. This Court agreed and found that "[a] reversal of the superior court's ruling by this Court would have the limited effect of affirming the Council's initial denial of petitioners' request for a special use permit. It would do nothing to invalidate the permit *later issued voluntarily by the Council pursuant to the superior court's mandate.*" *Id.* at 668, 504 S.E.2d at 300 (emphasis added). Further, since "[o]ur review of th[e] case [wa]s limited to determining whether the Town Council's quasi-judicial decision to deny the permit in the first place was lawful," *id.*, this Court recognized that "the question of whether the permit issued by the Town Council is valid was never ruled on by any court and therefore [wa]s not before us." *Id.* at 668-69, 504 S.E.2d at 300. Thus, because "[i]ntervenors' purpose in bringing their appeal was, plainly, to prevent the special use permit from being issued to petitioners[, and t]hat relief [could] no longer be granted in th[e] case[, this Court concluded that t]he issues raised in intervenor[s'] appeal [we]re therefore moot." *Id.* at 669, 504 S.E.2d at 300.

In the present case, Violet Ward presents the following issues for review: (I) whether the superior court applied the correct standard of review when it considered the Board's decision to deny Carolina Marina's application for proposed special use permit S-582; (II) whether the superior court correctly determined that there was

competent, material, and substantial evidence that Carolina Marina met each of the requirements set forth in the New Hanover County Zoning Ordinance § 71-1(3); and (III) whether the superior court erred as a matter of law when it concluded that Carolina Marina satisfied the requirements set forth in the New .Hanover County Zoning Ordinance § 71-1(3) and ordered the Board to grant Carolina Marina's application for proposed special use permit S-582. In other words, as in *Estates*, the arguments presented to this Court for review by Violet Ward are "limited to determining whether [the Board's] quasi-judicial decision to deny the permit in the first place was lawful," and do not address whether the permit later issued by the Board on 16 December 2009 is valid. *See id.* at 668, 504 S.E.2d at 300.

But Violet Ward asserts that *Estates* is distinguishable from the present case because, in *Estates*, the respondent's town council "voluntarily" issued the permit during a time when the superior court's order was automatically stayed pursuant to N.C.G.S. § 1A-1, Rule 62, *see id.* at 667-68, 504 S.E.2d at 299, while, in the present case, the superior court issued the permit about three months after the expiration of the automatic stay at a time when the Board would, according to Violet Ward, "face other legal action to compel compliance, possibly Contempt," had it not issued the permit. There is no evidence before this Court that enforcement proceedings had been initiated against the Board when it issued Carolina Marina's special use permit S-582. Nevertheless, Violet Ward argues, without authority, that the Board could not have "voluntarily" issued a permit consistent with the superior court's order after the automatic stay had expired. We are not persuaded by Violet Ward's unsupported assertion.

Here, as in *Estates*, the special use permit was issued during a time when enforcement proceedings had not been initiated for the superior court's order. Thus, the record before this Court indicates that the Board's quasi-judicial body issued a special use permit "voluntarily . . . pursuant to the superior court's mandate." *See id.* at 668, 504 S.E.2d at 300. Further, as was the case in *Estates*, the validity of the permit issued by the Board on 16 December 2009 has not been ruled on to date by any court, and the issues presented by Violet Ward to this Court are limited to determining whether the Board's decision to deny Carolina Marina's request for a special use permit was lawful in the first place. *See id.* 'Therefore, since Violet Ward's purpose in bringing her appeal in the present case was, like *Estates*, "plainly, to prevent the special use permit from being issued to [Carolina Marina, and t]hat relief can no longer be granted in this case," *see id.*, we

conclude the issues presented for review by Violet Ward's appeal have become moot. Accordingly, we grant Carolina Marina's motion to dismiss Violet Ward's appeal.

Dismissed.

Judges STROUD and ERVIN concur.