IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA14-1355
 No. COA14-1356

 Filed: 2 February 2016

Onslow County, Nos. 10 CVS 4596, 13 CVS 2589

RUSSELL HENDERSON, and wife, JULIE HENDERSON, Petitioners,

 v.

THE COUNTY OF ONSLOW, Respondent.

 Appeal by petitioners from orders entered 5 February 2014 and 21 May 2014

by Judges Charles H. Henry and Arnold O. Jones, respectively, in Onslow County

Superior Court. Heard in the Court of Appeals 18 May 2015.

 Michael Lincoln, P.A., by Michael Lincoln, for petitioners-appellants.

 Onslow County Attorney Lesley F. Moxley, by Assistant Attorney Kaelyn Avery,
 for respondent-appellee.

 GEER, Judge.

 Petitioners Russell and Julie Henderson have brought two separate appeals

related to petitions for writ of certiorari they filed in superior court seeking review

from a determination by the Onslow County Board of Adjustment (“OCBOA”). As the

issues presented in the appeals are interrelated and involve common questions of law,

we have consolidated the appeals for purposes of decision.

 On appeal, petitioners primarily argue that they had a right under Rule

41(a)(1) of the Rules of Civil Procedure to voluntarily dismiss their first petition for

writ of certiorari without prejudice and refile it within one year without the refiled
 HENDERSON V. THE CNTY. OF ONSLOW

 Opinion of the Court

petition being deemed untimely. Because we hold that Rule 41(a)(1) did not apply to

petitioners’ petition for writ of certiorari, and the superior court otherwise had no

jurisdiction to hear the refiled petition, the trial court properly dismissed the refiled

petition in File No. 13 CVS 2589. While petitioners also argue that the trial court

erred in File No. 10 CVS 4596 by denying their motion to amend the petition, because

petitioners had voluntarily dismissed that petition, there was no existing petition to

amend, and we, therefore, affirm the trial court’s denial of the motion to amend.

 Facts

 Petitioners own a six-bedroom, four-bathroom house located at 162 Peninsula

Manor in Hubert, North Carolina in Onslow County (“Peninsula Manor property”)

that they rent out. The Peninsula Manor property is zoned for residential use, but,

on occasion, people have rented the house for weddings and family reunions. On 26

May 2010, the Onslow County Chief Zoning and Environmental Office (“the zoning

office”) issued petitioners a notice of violation, stating that the holding of weddings

and family reunions on the Peninsula Manor property violated the residential zoning

ordinance. Petitioners appealed the citation to the OCBOA, which heard the matter

on 10 August 2010. On 26 October 2010, the OCBOA upheld the notice of violation.

 On 23 November 2010, petitioners filed a petition for review of the OCBOA

decision pursuant to N.C. Gen. Stat. § 153A-345(e) in the Onslow County Superior

Court in File No. 10 CVS 4596. On 28 June 2012, respondent filed a motion to dismiss

 -2-
 HENDERSON V. THE CNTY. OF ONSLOW

 Opinion of the Court

for failure to prosecute and lack of subject matter jurisdiction “in that the

Respondents were not properly served within 30 days pursuant to G.S. § 153A-

345(e2).” The clerk of superior court issued a writ of certiorari on 29 June 2012 and

directed respondents to prepare and certify to the superior court the record of

proceedings. However, on 30 July 2012, petitioners dismissed their petition by filing

a “NOTICE OF VOLUNTARY DISMISSAL” that stated “plaintiffs hereby voluntarily

dismiss this action pursuant to Rule 41(a) of the Rules of Civil Procedure WITHOUT

prejudice.”

 On 5 July 2013, petitioners refiled their petition for writ of certiorari in Onslow

County Superior Court in File No. 13 CVS 2589. On 11 September 2013, respondent

filed a motion to dismiss the refiled petition on multiple bases, including lack of

subject matter jurisdiction. The superior court granted respondent’s motion to

dismiss on 5 February 2014, stating:

 IT APPEARING to the Court that the Petitioners
 dismissed an appeal in the nature of certiorari from a
 decision by the Onslow County Board of Adjustment and
 then attempted to re-file the appeal within the one-year
 time period allowed for in civil actions under Rule 41(a) of
 the North Carolina Rules of Civil Procedure;

 IT FURTHER APPEARING to the Court that Rule
 41(a) is not applicable to appeals in the nature of certiorari
 from decisions by the Board of Adjustment because appeals
 of this nature are not civil actions as contemplated by Rule
 41(a);

 -3-
 HENDERSON V. THE CNTY. OF ONSLOW

 Opinion of the Court

 IT FURTHER APPEARING to the Court that the
 initial dismissal of the appeal was thereby with prejudice,
 which barred any re-filing, and therefore, the Court does
 not have subject matter jurisdiction in this matter; and

 IT FURTHER APPEARING to the Court that the
 Respondent’s Motion to Dismiss is proper and should be
 allowed.

 Petitioners timely appealed to this Court from the order of dismissal in File

No. 13 CVS 2589. Subsequent to that appeal, on 16 April 2014, petitioners filed a

motion to amend the petition in File No. 10 CVS 4596 pursuant to Rule 15 of the

Rules of Civil Procedure, asserting that they had attempted to voluntarily dismiss

the petition in that case because the petition was filed pursuant to N.C. Gen. Stat. §

153A-345(e) when it should have been filed pursuant to N.C. Gen. Stat. §§ 153A-349

and 160A-393. The motion to amend contended that the voluntary dismissal without

prejudice in File No. 10 CVS 4596 was a “nullity” and, therefore, petitioners should

be allowed to amend their petition to comply with the applicable statutes.

 On 21 May 2014, the superior court denied the motion to amend “on the basis

of undue delay, unfair prejudice due to the pending appeal in 13 CVS 2589, and

futility of the amendment.” Petitioners timely appealed to this Court from the order

denying their motion to amend on 12 June 2014.

 I

 We first address petitioners’ argument that the trial court erred in 13 CVS

2589 in dismissing the refiled petition for lack of jurisdiction. We review a lower

 -4-
 HENDERSON V. THE CNTY. OF ONSLOW

 Opinion of the Court

tribunal’s decision regarding whether it had jurisdiction over a matter de novo.

Harper v. City of Asheville, 160 N.C. App. 209, 213, 585 S.E.2d 240, 243 (2003).

“Under the de novo standard, the trial court is required to consider the question of

jurisdiction ‘anew, as if not previously considered or decided’ ” by the lower tribunal.

Id. at 213-14, 585 S.E.2d at 243 (quoting Raleigh Rescue Mission, Inc. v. Bd. of

Adjustment of City of Raleigh, 153 N.C. App. 737, 740, 571 S.E.2d 588, 590 (2002)).

 N.C. Gen. Stat. § 153A-345(e2) (2011), which has since been repealed, applied

to the petition for writ of certiorari filed in this case.1 That statute provided:

 Each decision of the board is subject to review by the
 superior court by proceedings in the nature of certiorari.
 Any petition for review by the superior court shall be filed
 with the clerk of superior court within 30 days after the
 decision of the board is filed in such office as the ordinance
 specifies, or after a written copy thereof is delivered to
 every aggrieved party who has filed a written request for
 such copy with the secretary or chairman of the board at
 the time of its hearing of the case, whichever is later.

Id. Therefore, a petition for writ of certiorari seeking review of the OCBOA’s decision

in this case had to be filed in accordance with the 30-day deadline in N.C. Gen. Stat.

§ 153A-345(e2).

 Although the petition for review in 13 CVS 2589 was filed more than three

years after the OCBOA’s decision, petitioners contend that it was still timely because

 1N.C. Gen. Stat. § 153A-345.1 (2013) now provides that the provisions of N.C. Gen. Stat. §
160A-388 (2013) apply to counties as well as cities and towns. N.C. Gen. Stat. § 160A-388(e2)(2) still
provides for a 30-day deadline for the filing of a petition for writ of certiorari seeking review of a board
of adjustment decision.

 -5-
 HENDERSON V. THE CNTY. OF ONSLOW

 Opinion of the Court

they voluntarily dismissed their initial petition, filed in 10 CVS 4596, without

prejudice pursuant to Rule 41(a) (1) of the Rules of Civil Procedure and, in accordance

with that Rule, refiled the petition in 13 CVS 2589 within one year of the dismissal.

Respondent, however, contends that Rule 41(a)(1) does not apply to petitions for writ

of certiorari.

 The Rules of Civil Procedure “govern the procedure in the superior and district

courts of the State of North Carolina in all actions and proceedings of a civil nature

except when a differing procedure is prescribed by statute.” N.C.R. Civ. P. 1. In

Darnell v. Town of Franklin, 131 N.C. App. 846, 849, 508 S.E.2d 841, 844 (1998)

(quoting N.C.R. Civ. P. 1), this Court concluded that “[a] petition for writ of certiorari

is a pleading filed in the superior court and is within the scope of the Rules of Civil

Procedure” because certiorari proceedings are “ ‘proceedings of a civil nature’ ” within

the meaning of Rule 1.

 We fully agree with the dissenting opinion that the Rules of Civil Procedure

apply to “all actions and proceedings of a civil nature.” N.C.R. Civ. P. 1. Because

proceedings of certiorari are “ ‘proceedings of a civil nature,’ ” as Darnell held, the

Rules of Civil Procedure apply. 131 N.C. App. at 849, 508 S.E.2d at 844 (emphasis

omitted) (quoting N.C.R. Civ. P. 1). However, although the Rules of Civil Procedure

apply to certiorari proceedings, not every Rule of Civil Procedure is applicable to

petitions for writ of certiorari. For example, Rule 38(b) of the Rules of Civil Procedure

 -6-
 HENDERSON V. THE CNTY. OF ONSLOW

 Opinion of the Court

states that “[a]ny party may demand a trial by jury of any issue triable of right by a

jury[.]” In a general sense, Rule 38(b) “applies” to certiorari proceedings because it is

one of the Rules of Civil Procedure, and the certiorari proceeding is a “proceeding of

a civil nature.” However, in a more specific sense, Rule 38(b) does not “apply” to

certiorari proceedings in that the rights included therein are not applicable to

certiorari proceedings. A petition for writ of certiorari is not an “issue triable of right

by a jury.” Id. Similarly, because a petition for writ of certiorari does not initiate an

action, because petitioners are not plaintiffs in the underlying action, and because

the underlying action had already been decided before petitioners attempted to

voluntarily dismiss it, Rule 41(a)(1) was not applicable in the case before us.

 Contrary to the suggestion of the dissenting opinion, the Court in Darnell did

not hold that each of the Rules of Civil Procedure applies to certiorari proceedings.

Instead, our appellate courts have held that certain of the Rules of Civil Procedure

apply to petitions for writ of certiorari filed in the trial court, while others do not. See

Philadelphus Presbyterian Found., Inc. v. Robeson Cnty. Bd. of Adjustment, ___ N.C.

App. ___, 754 S.E.2d 258, 2014 N.C. App. LEXIS 51, at *15, 2014 WL 47325, at *6

(unpublished) (“[N]either this Court nor the Supreme Court has ever held that the

North Carolina Rules of Civil Procedure, considered in their entirety, apply in

certiorari proceedings conducted pursuant to N.C. Gen. Stat. § 160A-393, which, as

we have already noted, bear a much greater resemblance to appellate proceedings

 -7-
 HENDERSON V. THE CNTY. OF ONSLOW

 Opinion of the Court

than to ordinary civil actions.”), disc. review denied, 367 N.C. 504, 758 S.E.2d 873

(2014).

 Thus, on the one hand, the Supreme Court in Batch v. Town of Chapel Hill,

326 N.C. 1, 11, 387 S.E.2d 656, 662 (1990), held a superior court hearing a petition

for writ of certiorari may not grant summary judgment pursuant to Rule 56 of the

Rules of Civil Procedure because “[m]otions for summary judgment are properly

heard in the trial courts” and “[h]ere, the superior court judge was sitting as an

appellate court, not a trial court.” On the other hand, this Court has held that Rule

62 of the Rules of Civil Procedure relating to the stay of proceedings pending appeal

does apply to certiorari proceedings. See Estates, Inc. v. Town of Chapel Hill, 130

N.C. App. 664, 667, 504 S.E.2d 296, 299 (1998) (“[W]e believe that Rule 62 does apply

to a superior court’s review under 160A-381 of a town council’s grant or denial of a

special use permit, even though the superior court reviews that decision as an

appellate court.”).

 As the Supreme Court emphasized in Batch, certain Rules of Civil Procedure

do not apply to petitions for writ of certiorari because they are not relevant to those

proceedings. Rule 56 is inapplicable because of the nature of the standard of review:

“The sole question before the trial court regarding this administrative proceeding was

whether the decision of the Town Council of Chapel Hill was based upon findings of

fact supported by competent evidence [in the certified record] and whether such

 -8-
 HENDERSON V. THE CNTY. OF ONSLOW

 Opinion of the Court

findings support the conclusion reached by the town.” 326 N.C. at 12, 387 S.E.2d at

662. Because of this standard of review, the trial court could not grant a motion for

summary judgment, which, under Rule 56, would necessarily be based on evidence

presented in the first instance to the trial court and require the trial court to

substitute its assessment of the evidence for that of the Town. Id. at 11, 387 S.E.2d

at 662. Rule 56 is simply not relevant to petitions for writ of certiorari seeking review

of decisions of a board of adjustment.

 In Darnell, this Court specifically addressed whether Rule 15 applies to a

petition for writ of certiorari. The Court quoted Rule 15: “ ‘A party may amend his

pleading once as a matter of course at any time before a responsive pleading is

served.’ ” 131 N.C. App. at 849, 508 S.E.2d at 844 (quoting N.C.R. Civ. P. 15). After

reviewing the language of Rule 15, the Court noted “that Rule 15 is not limited to

‘civil actions’ but applies to ‘pleadings.’ ” Id. at 850, 508 S.E.2d at 844. The Court,

therefore, held: “Having determined that the petition was a ‘pleading’ within the

meaning of the Rules of Civil Procedure, the trial court had the authority to grant the

motion to amend the petition . . . .” Id.

 Darnell thus instructs that we look first at the actual language of the Rule of

Civil Procedure to determine whether it applies to proceedings pursuant to petitions

for writ of certiorari. The pertinent portion of Rule 41(a)(1) relied upon by petitioners

provides:

 -9-
 HENDERSON V. THE CNTY. OF ONSLOW

 Opinion of the Court

 [A]n action or any claim therein may be dismissed by the
 plaintiff without order of court (i) by filing a notice of
 dismissal at any time before the plaintiff rests his case, or;
 (ii) by filing a stipulation of dismissal signed by all parties
 who have appeared in the action. Unless otherwise stated
 in the notice of dismissal or stipulation, the dismissal is
 without prejudice, except that a notice of dismissal
 operates as an adjudication upon the merits when filed by
 a plaintiff who has once dismissed in any court of this or
 any other state or of the United States, an action based on
 or including the same claim. If an action commenced
 within the time prescribed therefor, or any claim therein,
 is dismissed without prejudice under this subsection, a new
 action based on the same claim may be commenced within
 one year after such dismissal unless a stipulation filed
 under (ii) of this subsection shall specify a shorter time.

(Emphasis added.) Rule 41(a)(1) thus is confined to “actions” and, in contrast to Rule

15, is not made applicable to pleadings.

 It is well established that a petition for writ of certiorari is not a civil action.

As this Court explained in Little v. City of Locust, 83 N.C. App. 224, 349 S.E.2d 627

(1986):

 A petition for certiorari is not an action for civil redress or
 relief as is a suit for damages or divorce; a petition for
 certiorari is simply a request for the court addressed to
 judicially review a particular decision of some inferior
 tribunal or government body. . . . [A] petition for certiorari
 is not the beginning of an action for relief . . . ; in effect it is
 an appeal from a decision made by another body or
 tribunal. Certiorari was devised by the early common law
 courts as a substitute for appeal and it has been so
 employed in our jurisprudence since the earliest times.

 - 10 -
 HENDERSON V. THE CNTY. OF ONSLOW

 Opinion of the Court

Id. at 226-27, 349 S.E.2d at 629. Because a petition for writ of certiorari is not a civil

action within the meaning of the Rules of Civil Procedure and because Rule 41(a)(1)

applies only to civil actions, Rule 41(a)(1) by its express terms does not apply to

petitions for writ of certiorari.

 In addition, this Court has already held that when a party seeks review of a

quasi-judicial zoning decision denying a special use permit, the “matter [is] not

commenced by the filing of” the pleading in the superior court challenging the denial,

but rather is “commenced by the filing of plaintiff's application for a special use

permit with defendant[.]” Northfield Dev. Co. v. City of Burlington, 165 N.C. App.

885, 888-89, 599 S.E.2d 921, 924 (2004). Likewise, here, this proceeding was not

commenced with the filing of the petition for writ of certiorari. Instead, this

proceeding was initiated by the zoning office when it issued petitioners a notice of

violation. Assuming that Rule 41(a)(1) did apply to this proceeding, if any party could

be deemed the plaintiff, it would have to be the zoning office, which initiated the

proceedings. In filing the petition for writ of certiorari, petitioners were simply

following the only route of appeal available to them from the final decision of the

OCBOA, when they filed the 23 November 2010 petition for writ of certiorari. See,

e.g., Batch, 326 N.C. at 11, 387 S.E.2d at 662 (holding that “[i]n reviewing the errors

raised by plaintiff’s petition for writ of certiorari, the superior court was sitting as a

court of appellate review”). Petitioners could no more voluntarily dismiss the petition

 - 11 -
 HENDERSON V. THE CNTY. OF ONSLOW

 Opinion of the Court

for writ of certiorari and refile it outside the statutorily-mandated time frames than

could a party file a notice of appeal, dismiss it, and refile it after the 30-day deadline

for appeals had run.

 Moreover, Rule 41(a)(1) provides that a plaintiff may dismiss the action “at any

time before the plaintiff rests his case[.]” Our courts have interpreted “rests his case”

to include not only a plaintiff resting his or her case at trial, but also to motions for

summary judgment when the plaintiff has had an opportunity to present evidence

and make arguments on the merits of his or her claims. See, e.g., Maurice v.

Hatterasman Motel Corp., 38 N.C. App. 588, 591-92, 248 S.E.2d 430, 432-33 (1978)

(“The decision of the court resulting from a motion for summary judgment is one on

the merits of the case. All parties have an opportunity to present evidence on the

question before the court. Where a party appears at a summary judgment hearing

and produces evidence or is given an opportunity to produce evidence and fails to do

so, and the question is submitted to the court for decision, he has ‘rested his case’

within the meaning of Rule 41(a)(1)(i) of the North Carolina Rules of Civil Procedure.

He cannot thereafter take a voluntary dismissal under Rule 41(a)(1)(i).”). Compare

Wesley v. Bland, 92 N.C. App. 513, 515, 374 S.E.2d 475, 476 (1988) (holding that

although plaintiffs submitted affidavits in opposition to summary judgment motion,

plaintiffs had not rested their case under Rule 41(a)(1)(i) because “[w]hen it was

plaintiffs’ attorney’s turn to speak, he orally took a voluntary dismissal” and “prior to

 - 12 -
 HENDERSON V. THE CNTY. OF ONSLOW

 Opinion of the Court

this plaintiffs’ attorney had not been given an opportunity to present additional

evidence or argue his clients’ position”).

 Under the Maurice test, even assuming petitioners could be considered

plaintiffs, they would have “rested their case” in the proceeding before the OCBOA

after they submitted evidence and argued their position on the merits of their

challenge to the notice of violation. Consequently, Rule 41(a)(1)(i) would not

authorize a voluntary dismissal in the superior court.

 Therefore, we hold that Rule 41(a)(1) is simply not relevant to petitions for writ

of certiorari seeking review of decisions of a board of adjustment. Because Rule

41(a)(1) did not apply to File No. 10 CVS 4596 and, therefore, did not allow petitioners

to refile their petition within a year of the voluntary dismissal of the 10 CVS 4596

petition, the petition filed in 13 CVS 2589 was untimely, and the trial court properly

dismissed it. See Teen Challenge Training Ctr., Inc. v. Bd. of Adjustment of Moore

Cnty., 90 N.C. App. 452, 455, 368 S.E.2d 661, 664 (1988) (affirming dismissal of

untimely petition for certiorari to superior court).

 II

 Petitioners argue alternatively that if the trial court properly dismissed their

petition in 13 CVS 2589 because Rule 41(a)(1) did not apply to the proceedings in 10

CVS 4596, then their dismissal was a “nullity,” and the trial court should have

 - 13 -
 HENDERSON V. THE CNTY. OF ONSLOW

 Opinion of the Court

granted their motion to amend the petition in 10 CVS 4596 pursuant to Rule 15. We

disagree.

 While Darnell holds that Rule 15 does apply to petitions for writ of certiorari,

at the time petitioners moved to amend the petition in 10 CVS 4596, the petition had

already been dismissed and there was no proceeding pending. Even though Rule

41(a)(1) did not apply to 10 CVS 4596, as the parties initiating the certiorari

proceedings, petitioners still had the ability to voluntarily dismiss their petition just

as a party may seek to dismiss an appeal in this Court. See Camden Sewer Co. v.

Mayor & City Council of Salisbury, 157 Md. 175, 184, 145 A. 497, 500 (1929) (“We are

of the opinion that ordinarily and as a general rule the complainant is master of his

own litigation and has the right to dismiss his proceedings at any time up to a final

determination of the case, by following the approved practice of making application

to the court for leave so to do[.]”).

 Petitioners voluntarily dismissed the petition in 10 CVS 4596 and the fact that

they did so under a mistaken understanding of the applicability of Rule 41(a)(1) does

not render that dismissal null and void. Consequently, because the petition for

review had already been dismissed, there was no petition to amend, and the trial

court did not err in denying the motion to amend.

 AFFIRMED.

 Chief Judge McGEE concurs.

 - 14 -
 HENDERSON V. THE CNTY. OF ONSLOW

 Opinion of the Court

Judge TYSON dissents in a separate opinion.

 - 15 -
 HENDERSON V. THE CNTY. OF ONSLOW

 Opinion of the Court

 Nos. COA14-1355, COA14-1356 – Henderson v. The Cnty. of Onslow

 TYSON, Judge, dissenting.

 I agree with the majority’s conclusion that the Rules of Civil Procedure apply

to certiorari proceedings. I cannot concur and respectfully dissent from the majority’s

conclusion that Rule 41 of the Rules of Civil Procedure does not apply to certiorari

proceedings before the superior court. The rationale adopted by the majority’s

opinion does not permit parties on petitions for writ of certiorari to have advance

knowledge of which rules will apply to their proceeding. Rule 41 is a part of the

statutorily enacted North Carolina Rules of Civil Procedure, which expressly applies

to all “proceedings of a civil nature” including certiorari proceedings reviewing

decisions of local government and state agencies or otherwise. N.C. Gen. Stat. § 1A-

1, Rule 1 (2013).

 In the alternative and under our binding precedents, I would allow Petitioners

to amend their original petition under Rule 15 of the Rules of Civil Procedure. I also

respectfully dissent from the majority opinion’s conclusion that the trial court

properly denied petitioners’ motion to amend the original petition in File No. 10 CVS

4596.

 I. “Actions and Proceedings of a Civil Nature”

 - 16 -
 HENDERSON V. THE CNTY. OF ONSLOW

 Opinion of the Court

 The Rules of Civil Procedure, including Rule 41 at issue here, apply to “all

actions and proceedings of a civil nature,” to include civil proceedings of certiorari

before the superior courts. N.C. Gen. Stat. § 1A-1, Rule 1 (emphasis supplied). This

Court has specifically addressed and held a petition for writ of certiorari seeking

review of a local government action

 is a pleading filed in the superior court and is within the
 scope of the Rules of Civil Procedure which ‘shall govern
 the procedure in the superior and district courts of the
 State of North Carolina in all actions and proceedings of a
 civil nature except when a differing procedure is prescribed
 by statute.’

Darnell v. Town of Franklin, 131 N.C. App. 846, 849, 508 S.E.2d 841, 844 (1998)

(emphasis in original) (quoting N.C. Gen. Stat. § 1A-1, Rule 1). The statute applicable

here does not prescribe a “differing procedure.” Id. In Darnell, the Court determined

the petition for writ of certiorari was a “pleading,” and held Rule 15 of the Rules of

Civil Procedure allowed the petitioner to amend the petition. Id. at 849-50, 508 S.E.2d

at 844.

 The purpose of the Rules of Civil Procedure is to provide all parties and the

court with prior notice and certainty of the governing procedural processes for civil

proceedings. The Rules of Civil Procedure are an entrée and not a buffet. No court

is free post hoc to pick and choose ad hoc which and when the statutorily required

Rules will apply. Due process is denied if a party cannot determine in advance which

 - 17 -
 HENDERSON V. THE CNTY. OF ONSLOW

 Opinion of the Court

procedural rules will be applied and enforced by the court in a particular civil

proceeding.

 II. Precedents of this Court

 In many prior cases, our Court has applied the Rules of Civil Procedure to

certiorari proceedings. In Mize v. Cnty. of Mecklenburg, 80 N.C. App. 279, 341 S.E.2d

767 (1985), we considered whether the superior court erred by dismissing the

petitioners’ claim for failure to join a necessary party under Rule 12(b)(7) of the Rules

of Civil Procedure. This Court held the trial court abused its discretion under the

Rule by failing to allow the petitioners to amend the petition to join the Zoning Board

of Adjustment as a party to the certiorari review. Id. at 283-84, 341 S.E.2d at 770.

 In N.C. Alliance for Transp. Reform, Inc. v. N.C. Dep’t of Transp., 183 N.C.

App. 466, 645 S.E.2d 105 (2007), the petitioners sought review by writ of certiorari of

the Environmental Assessment and Finding of No Significant Impact prepared by the

North Carolina Department of Transportation (“NCDOT”) for a particular

improvement program. NCDOT moved to dismiss the petition based on, inter alia,

Rules 12(b)(1), (2), and (6) of the Rules of Civil Procedure. Id. at 467-68, 645 S.E.2d

at 107. The trial court concluded it lacked subject matter jurisdiction, because the

petitioners were not aggrieved persons under N.C. Gen. Stat. § 150B-43 and had

failed to exhaust all administrative remedies before seeking judicial review. Id. at

468, 645 S.E.2d at 107.

 - 18 -
 HENDERSON V. THE CNTY. OF ONSLOW

 Opinion of the Court

 Petitioners then filed a “Motion to Alter or Amend Order” pursuant to Rule

59(e) of the Rules of Civil Procedure. Id. (citing N.C. Gen. Stat. § 1A-1, Rule 59(e)).

This Court conducted a lengthy analysis of whether the superior court erred in

denying the petitioners’ Rule 59(e) motion, and concluded the trial court “properly

held that the Motion to Alter or Amend violated Rule 7(b)(1) [of the Rules of Civil

Procedure] and was not a proper Rule 59(e) motion.” Id. at 470, 645 S.E.2d at 108-09.

 In Bailey & Assocs. Inc. v. Wilmington Bd. of Adjustment, 202 N.C. App. 177,

193, 689 S.E.2d 576, 588 (2010), we held the trial court did not err under Rule 60 of

the Rules of Civil Procedure by denying a motion to dismiss issues raised by the

petition for writ of certiorari.

 In Estates, Inc. v. Town of Chapel Hill, 130 N.C. App. 664, 667, 504 S.E.2d 296,

299 (1998), we held Rule 62 of the Rules of Civil Procedure applies to the superior

court’s review of a town council’s grant or denial of a special use permit. Compare,

Batch v. Town of Chapel Hill, 326 N.C. 1, 387 S.E.2d 655, cert. denied, 496 U.S. 931,

110 L. Ed. 2d 651 (1990) (holding a motion for summary judgment under Rule 56 of

the Rules of Civil Procedure was improper on the issues raised in the certiorari

petition, because the superior court could not admit or rely upon factual

considerations, not considered by the town council and not included in the

administrative record).

 - 19 -
 HENDERSON V. THE CNTY. OF ONSLOW

 Opinion of the Court

 The majority opinion cites this Court’s unpublished opinion in Philadelphus

Presbyterian Found., Inc. v. Robeson Cnty. Bd. of Adjustment, __ N.C. App. __, 754

S.E.2d 258, 2014 N.C. App. LEXIS 51 (unpublished), disc. review denied, 367 N.C.

504, 758 S.E.2d 873 (2014). This non-binding opinion highlights the predicament of

inconsistent application of the Rules of Civil Procedure to these proceedings. In that

case, the Robeson County Board of Commissioners approved an application for a

conditional use permit relating to rock blasting operations. Id. at *4. The petitioners

sought review in the superior court by petition for writ of certiorari, but failed to join

a necessary party. Id.

 This Court reviewed the trial court’s denial of the petitioners’ motion to allow

them to join the necessary party. Id. at *11-12. This Court declined to hold the Rules

of Civil Procedure applied to the proceeding on certiorari, but held:

 [D]espite the absence of any statutory justification for
 concluding that the principles enunciated in N.C. Gen.
 Stat. § 1A-1, Rule 15, should be incorporated into certiorari
 proceedings conducted pursuant to N.C. Gen. Stat. § 160A-
 393, we do agree that some sort of amendment procedure
 should, in appropriate circumstances, be available in such
 proceedings. As a result, we will assume, without deciding,
 that the principles enunciated in N.C. Gen. Stat. § 1A-1,
 Rule 15, govern the allowance of amendment motions in
 certiorari proceedings conducted pursuant to N.C. Gen.
 Stat. § 160A-393.

Id. at *16 (second emphasis supplied). The Court’s unpublished opinion in

Philadelphus failed to cite or recognize the unanimous and controlling precedent of

 - 20 -
 HENDERSON V. THE CNTY. OF ONSLOW

 Opinion of the Court

Darnell v. Town of Franklin, 131 N.C. App. at 849, 508 S.E.2d at 844 on this precise

issue, but yet agreed with its conclusion that amendments are allowed under Rule

15.

 This Court in Philadelphus recognized the inherent problems arising from

conducting civil proceedings without clearly defined and uniformly applied

procedural rules. The Rules of Civil Procedure are the statutorily adopted and

binding rules to govern these “proceedings of a civil nature.” N.C. Gen. Stat. § 1A-1,

Rule 1.

 III. Rule 41

 I disagree with the majority’s holding that, while the Rules of Civil Procedure

apply to certiorari proceedings, Rule 41 is specifically inapplicable. Rule 41, in

relevant part states:

 . . . [A]n action or any claim therein may be dismissed by
 the plaintiff without order of court (i) by filing a notice of
 dismissal at any time before the plaintiff rests his case, or;
 (ii) by filing a stipulation of dismissal signed by all parties
 who have appeared in the action. Unless otherwise stated
 in the notice of dismissal or stipulation, the dismissal is
 without prejudice, except that a notice of dismissal
 operates as an adjudication upon the merits when filed by
 a plaintiff who has once dismissed in any court of this or
 any other state or of the United States, an action based on
 or including the same claim. If an action commenced within
 the time prescribed therefor, or any claim therein, is
 dismissed without prejudice under this subsection, a new
 action based on the same claim may be commenced within
 one year after such dismissal unless a stipulation filed
 under (ii) of this subsection shall specify a shorter time.

 - 21 -
 HENDERSON V. THE CNTY. OF ONSLOW

 Opinion of the Court

N.C. Gen. Stat. § 1A-1, Rule 41(a)(1)(2013) (emphasis supplied).

 The majority’s opinion holds Rule 41 is inapplicable to certiorari proceedings

because certiorari proceedings are not “actions.” The majority opinion narrowly

construes Little v. City of Locust, in which this Court stated, “a petition for writ of

certiorari is not the beginning of an action.” 83 N.C. App. 224, 226, 349 S.E.2d 627,

629 (1986) (second emphasis supplied).

 While a petition for writ of certiorari is not necessarily the beginning of an

action, it is not precluded from the statutory definition of “action.” An “action” is

defined as “an ordinary proceeding in a court of justice, by which a party prosecutes

another party for the enforcement or protection of a right, the redress or prevention

of a wrong, or the punishment or prevention of a public offense.” N.C. Gen. Stat. § 1-

2 (2013). The statutory definition of “action” applies to certiorari petitions, in which

the petitioner seeks review of the local government’s decision for the purpose of

protecting their rights and seeking “the redress or prevention of a wrong.” Id.

 The majority also incorrectly interprets the definition of a “plaintiff” under

Rule 41, and concludes the rule does not apply to “petitioners” because they are not

“plaintiffs.” Their analysis again ignores the statutes and prior case law.

 “In civil actions the party complaining is the plaintiff[.]” N.C. Gen. Stat. § 1-

10 (2013). “The interchangeable use of the words ‘plaintiff’ and ‘petitioner’ is found

in our case law as well as our statutes. For all practical purposes, the words

 - 22 -
 HENDERSON V. THE CNTY. OF ONSLOW

 Opinion of the Court

‘petitioner’ and ‘plaintiff’ are synonymous.” Housing Authority of Greensboro v.

Farabee, 284 N.C. 242, 246, 200 S.E.2d 12, 15 (1973).

 I also disagree with the majority’s assertion that, even if the petitioners are

“plaintiffs” under Rule 41, they “rested their case” before the Board of Adjustment

after they submitted evidence and argued their position. The Rules of Civil Procedure

may or may not expressly apply to proceedings before the Board of Adjustment as

they do in superior court. Plaintiff could not have “rested his case” before that

tribunal for purposes of Rule 41, which applies to the certiorari proceeding before the

superior court. Plaintiff could not have “rested his case” under the Rules of Civil

Procedure before his case was in a court of justice.

 I agree with the majority’s opinion that the Rules of Civil Procedure apply to

certiorari proceedings. I do not agree with their conclusion that Rule 41 is

inapplicable to certiorari proceedings. Because we all agree the Rules of Civil

Procedure apply to certiorari proceedings, the party asserting application of the rule

is entitled to the presumption of general applicability. Since the parties and the court

must presume the Rules of Civil Procedure apply to this proceeding, the burden rests

upon the party asserting non-applicability to show the reasons and to show prejudice.

Respondent has failed to and cannot show any prejudice here.

 IV. Motion to Amend the Petition

 - 23 -
 HENDERSON V. THE CNTY. OF ONSLOW

 Opinion of the Court

 Petitioners originally filed their petition for writ of certiorari on 23 November

2010 (File No. 10 CVS 4596). On 30 June 2012, Petitioners filed a notice of voluntary

dismissal under Rule 41 stating the dismissal was voluntarily entered without

prejudice. Petitioners re-filed their petition within one year of their voluntary

dismissal without prejudice (File No. 13 CVS 2589). The superior court concluded

Rule 41 was inapplicable to certiorari proceedings and dismissed the re-filed petition.

Thereafter, on 16 April 2014, petitioners moved to amend the original petition to

comply with the applicable statues.

 If Rule 41 does not apply to certiorari proceedings, to prevent prejudice, I would

alternatively hold Petitioners are allowed to amend their petition in File No. 10 CVS

4596 under Rule 15, which we all agree clearly applies to these proceedings.

 The majority concludes Petitioners are unable to amend their original petition,

because they had dismissed the petition without prejudice and the petition no longer

existed before the court. If the majority is correct that Rule 41 does not apply to

certiorari proceedings, the notice of voluntary dismissal in File No. 10 CVS 4596,

which was entered pursuant to Rule 41, is a nullity and void. In that instance, the

petition in File No. 10 CVS 4596 remains a viable proceeding. Rule 41 cannot be

parsed or re-written by the majority to allow a binding dismissal, and to disregard

Petitioners’ express condition of “without prejudice” and the right to re-file under the

same rule.

 - 24 -
 HENDERSON V. THE CNTY. OF ONSLOW

 Opinion of the Court

 We all agree and our Court has previously held that Rule 15 of the Rules of

Civil Procedure applies to certiorari proceedings and petitions for writ of certiorari

may be amended under the Rule. Darnell, 131 N.C. App. 849-50, 508 S.E.2d at 844.

Onslow County has not shown and cannot show any prejudice by allowing petitioners

to amend their petition under Rule 15.

 V. Conclusion

 The Rules of Civil Procedure apply to certiorari proceedings before the superior

court. Id. It is patently unfair to allow a party or the court to pick and choose, after

the fact, which of the statutorily enacted Rules, by which it will be bound. In light of

the numerous precedents and our holding here that the Rules of Civil Procedure do

apply, the petitioners and courts must presume the particular Rule at issue applies,

unless the party who contests the application of the Rule carries the burden and

shows prejudice for the Rule to be inapplicable.

 Rule 41 of the Rules of Civil Procedure equally applies to civil proceedings

before the superior court. Pursuant to Rule 41, petitioners were allowed to dismiss

without prejudice and re-file their petition for writ of certiorari within a year of the

voluntary dismissal. Id. Onslow County has not and cannot show any prejudice by

being bound by the Rules of Civil Procedure upon review.

 - 25 -
 HENDERSON V. THE CNTY. OF ONSLOW

 Opinion of the Court

 In the absence of the right to dismiss without prejudice and re-file under Rule

41, petitioner clearly retained the right to amend its petition under Rule 15. I

respectfully dissent.

 - 26 -