EDWARD MILES LITTLE AND ROBERT MORGAN v. CITY OF LOCUST, NORTH CAROLINA ZONING BOARD OF ADJUSTMENT AND THE LOCUST, NORTH CAROLINA CITY COUNCIL

No. 8620SC501

(Filed 4 November 1986)

**Abatement and Revival § 3; Administrative Law § 6; Rules of Civil Procedure § 11— petition for certiorari—notice of proceedings—verification of pleadings —no summons required**

In three proceedings for certiorari to obtain judicial review of decisions by a zoning board of adjustment denying applications to establish a mobile home park and to put a mobile home on a lot sold by one petitioner to the other, there was no merit to respondents' contentions that (1) one petitioner's second "action" should be dismissed because of "a prior pending action," since a petition for certiorari is not an action for civil redress or relief, petitioner's first petition to judicially review a zoning board decision made on 16 February 1984 was no bar as a "pending action" to his second petition to review a decision which was not made until more than a year later, and when the second petition was filed the first proceeding was not even pending because the first petition along with the decision it addressed became as nothing when the judge ordered respondent board to hear the matter de novo; (2) all "actions" should be dismissed because they were not verified, since N.C.G.S. 1A-1, Rule 11 provides that pleadings need not be verified; and (3) all "actions" should be dismissed because they were not accompanied by a summons, since a petition for certiorari is not the beginning of an action for relief and issuing a summons would be a pointless absurdity because no one is being sued and the only thing sought is a review and ruling by a judge.

APPEAL by respondent municipality from *Freeman, Judge.* Orders entered 31 October 1985 in Superior Court, STANLY County. Heard in the Court of Appeals 15 October 1986.

*No brief filed for petitioner appellees.*

*Steven F. Blalock and Brown, Brown, Brown & Stokes, by Richard Lane Brown, III, for respondent appellants.*

PHILLIPS, Judge.

These three proceedings for *certiorari* were brought in the Stanly County Superior Court to obtain a judicial review of three decisions made by the Zoning Board of Adjustment of the City of Locust. Two of the decisions denied petitioner Little's application to establish a mobile home park on certain of his land, and the other denied the application of petitioner Morgan to put a mobile

home on a lot that Little contracted to sell him. Since the respondent Zoning Board raised somewhat the same legal questions in opposing each proceeding the proceedings were consolidated by the trial court for the purpose of ruling on those questions. And after two and a half years in court those questions, based on respondents' defenses to the petitions, are the only things that have been ruled on in this case though zoning board decisions are usually reviewed with dispatch, as they should be since G.S. 160A-388(e) makes all such decisions reviewable by "proceedings in the nature of certiorari" and all that is needed is the record of the decision involved and a Superior Court judge to review it. Which means, of course, that respondents' appeal is fragmentary, premature and unauthorized. G.S. 1-277; G.S. 7A-27; Rule 54, N.C. Rules of Civil Procedure. Nevertheless, in view of the inordinate delay already caused by respondents' meritless defenses, the proper administration of justice requires that they be eliminated from the case without further ado, Rule 2, N.C. Rules of Appellate Procedure; thus, we accept the appeal and affirm the orders appealed from.

These simple, expedient proceedings for the mere review of three zoning board decisions came to their present inexpedient state as follows: After the application of Edward Miles Little to establish a mobile home park on his land was denied by the respondent Zoning Board of Adjustment at its meeting on 16 February 1984, he petitioned the Superior Court for a writ of *certiorari* to review the legality of *that* decision; but he did not expedite the proceeding by obtaining an *ex parte* order directing the respondents to send up the record of the decision, as is usually done since G.S. 160A-388(e) makes zoning board decisions judicially reviewable upon complying with its terms. In any event, after receiving a copy of the petition respondents applied for and were allowed *sixty days* within which to file answer or other pleading, though no basis for any delay at all was stated and an appropriate answer could have been stated in a few lines. When the answer was eventually filed respondents asserted various defenses to the petition, among which were that the petition did not "state any claim upon which relief may be granted," and that the court had no jurisdiction because no summons had been issued and the petition was not verified. When the matter came on for hearing several months later Judge Mills remanded it to the

respondent Board for a hearing *de novo* because the purported record of the Board's decision before the court was inadequate for a proper review. After the *de novo* hearing was held on 5 March and 13 March 1985 the Board again denied the application and petitioner petitioned the court for a review of *that* decision. In answering this petition respondents repeated the myriad defenses earlier asserted and added a new one—that there was "a prior pending action." Meanwhile, petitioner Morgan's application to put a mobile home on the lot petitioner Little had agreed to sell him was also denied by the respondent Board at its 5 March and 13 March 1985 meetings and his petition for *certiorari* to review that decision was met with the same defenses first asserted against petitioner Little. Sometime along the line, just when or how the record does not show, the records of the respondent Board's March 1985 decisions were sent to the court, but before they could be reviewed the motions to dismiss the three petitions were heard, denied and appealed from.

In appealing respondents still contend that petitioner Little's second "action" should be dismissed because of "a prior pending action," and that all the "actions" should be dismissed because they were not accompanied by a summons and were not verified. The verification defense is refuted by Rule 11, N.C. Rules of Civil Procedure, which provides that: "Except when otherwise specifically provided by these rules or by statute, pleadings need not be verified or accompanied by affidavit"; and by the fact that no other civil procedure rule or statute requires that a petition to review a zoning board decision be verified. The summons and prior action defenses have no possible relevance to these proceedings, the nature of which has apparently not been recognized by respondents. A petition for *certiorari* is not an action for civil redress or relief, as is a suit for damages or divorce; a petition for *certiorari* is simply a request for the court addressed to judicially review a particular decision of some inferior tribunal or government body. Thus, petitioner Little's first petition to judicially review a zoning board decision made on 16 February 1984 was no bar as a "pending action" to his second petition to review a decision that was not made until more than a year later. Furthermore, when the second petition was filed the first proceeding was not even pending, because the first petition along with the 1984 decision that it addressed became as nothing when the judge

Little v. City of Locust

ordered the respondent Board to hear the matter *de novo*; and in any event the second decision could not have been reviewed pursuant to a petition to review a different decision. As to the absence of a summons, a petition for *certiorari* is not the beginning of an action for relief, as respondents suppose; in effect it is an appeal from a decision made by another body or tribunal. *Certiorari* was devised by the early common law courts as a substitute for appeal and it has been so employed in our jurisprudence since the earliest times. McIntosh, N.C. Practice and Procedure in Civil Cases Secs. 705, 706 (1929); *Gidney v. Hallsey,* 9 N.C. 550 (1823). The procedure devised was simple and expeditious and none of the statutes approving its use have changed it. Thus, issuing a summons in a proceeding for *certiorari* would be a pointless absurdity since no one is sued and the only thing sought is a review and ruling by a judge. In such proceedings jurisdiction is obtained not by issuing a summons, but by simply petitioning an authorized court to review the decision in question. In the only recorded instance in this state that we are aware of where appellate review of a zoning board decision was sought by a civil suit with summonses issued to the zoning board members, this Court noted that such action was inappropriate and treated the suit as a petition for *certiorari. Deffet Rentals, Inc. v. The City of Burlington,* 27 N.C. App. 361, 219 S.E. 2d 223 (1975).

The orders overruling respondents' defenses to the petitions are affirmed and these matters are remanded to the Superior Court for the judicial review that petitioners have been entitled to since these proceedings for *certiorari* were filed.

Affirmed and remanded.

Judges PARKER and COZORT concur in the result.