DARNELL v. TOWN OF FRANKLIN

[131 N.C. App. 846 (1998)]

Affirmed in part and remanded.

Judges GREENE and SMITH concur.

——————————

IN THE MATTER OF: The Granting of a Variance by the Town of Franklin, Louise Darnell, Petitioner-Appellant v. Town of Franklin, Town of Franklin Board of Adjustment, Mac Bryant, John Crawford, Edwin Hall, Steve Ledford, Jack Powell, Clyde Sanders, Ernie Sanders, and Dick Wallace, in their capacity as members of the Board of Adjustment of the Town of Franklin, and David Henson, Nancy Scott, Tom Woodley, Merle Dryman, Gary Nickleson and Billy Mashburn, in their capacity as Mayor and members of the Board of Aldermen of the Town of Franklin, Respondents-Appellees

No COA98-154

(Filed 29 December 1998)

**Jurisdiction— petition for certiorari—plaintiff as aggrieved party—insufficient allegation—motion to amend**

The trial court erred in an action arising from a zoning variance by dismissing a petition for certiorari for lack of subject matter jurisdiction in that petitioner failed to allege that she was an aggrieved party. A party must sufficiently plead their aggrieved status when seeking a petition for certiorari; however, the trial court retains the inherent power to inquire into and determine questions of its own jurisdiction and the petitioner had clearly established that she would be affected by this action in her appearance before the Board of Adjustment and at the Town's meeting. As the record shows that petitioner can establish her status as an aggrieved party, an amendment should be allowed under N.C.G.S. § 1A-1, Rule 15(a) to show that jurisdiction exists.

Appeal by petitioner from an order of dismissal entered 24 October 1997 by Judge Ronald E. Bogle and filed 27 October 1997 in Macon County Superior Court. Heard in the Court of Appeals 6 October 1998.

*David A. Sawyer for petitioner-appellant.*

*Jones, Key, Melvin & Patton, P.A., by Bobby Joe Key and Chester M. Jones, for respondents-appellees.*

WALKER, Judge.

On 2 July 1997, petitioner Louise Darnell filed a petition for writ of certiorari seeking judicial review of a decision made 2 June 1997 by the Town of Franklin Board of Aldermen (Town). The record in this case shows that the Town's Board of Adjustment initially considered a request from Carriage Park Villas for a variance from the setback requirements in the Town's zoning ordinance. As an adjoining property owner, petitioner appeared and objected to the granting of the variance. After the Board of Adjustment recommended granting the variance, the matter came before the Town at its regular meeting on 2 June 1997. At this time, petitioner again appeared and objected.

Thereafter, petitioner, through her attorney, filed a verified petition for writ of certiorari in the superior court which alleged she was entitled to the writ "[a]s a property owner of the Town of Franklin, whose interests are adversely affected by the actions of the Town of Franklin Board of Aldermen and the Town of Franklin Board of Adjustment."

When the matter came on for hearing on 8 September 1997 in the superior court, the respondents made a motion to dismiss the petition based on lack of subject matter jurisdiction, asserting that petitioner had failed to meet the requirements of N.C. Gen. Stat. § 160A-388 which states an appeal "may be taken by any person aggrieved." N.C. Gen. Stat. § 160A-388(b) (1994). In support of the motion to dismiss, respondents argued that N.C. Gen. Stat. § 160A-388(e) as interpreted by our courts only allows an "aggrieved" party to seek judicial review of such a decision, that the petitioner did not plead sufficient facts to show that she was an "aggrieved" party, and that because petitioner lacked standing, the trial court was without subject matter jurisdiction to consider the petition. The trial court took the matter under advisement and gave the parties until 12 September 1997 to provide the court with further arguments. Within that time, petitioner filed a motion to amend her petition along with a brief in support of the motion to amend, a response to respondents' motion to dismiss, a draft of an amended petition, and an affidavit from petitioner in support of the amended petition which alleged that she was an "aggrieved party."

On 24 October 1997, the trial court entered an order dismissing the petition, stating "it appears to the Court that the Court is without subject matter jurisdiction to hear the Petition for Writ of Certiorari as filed by the Petitioner herein and as a consequence, the same

should be dismissed and the Court is without jurisdiction to rule upon any other motions made or filed herein by any of the parties." Petitioner assigns as error the trial court's dismissal of the petition for lack of subject matter jurisdiction and the failure of the trial court to consider petitioner's motion to amend.

N.C. Gen. Stat. § 160A-388(e) provides that decisions of a local board of adjustment "shall be subject to review by the superior court by proceedings in the nature of certiorari." N.C. Gen. Stat. § 160A-388(e) (1994). Likewise, N.C. Gen. Stat. § 160A-381(c) provides that zoning decisions of local city councils or boards of aldermen "shall be subject to review by the superior court by proceedings in the nature of certiorari." N.C. Gen. Stat. § 160A-381(c) (Cum. Supp. 1997).

"A petition for certiorari is not an action for civil redress or relief . . . [it] is simply a request for the court addressed to judicially review a particular decision of some inferior tribunal or government body." *Little v. City of Locust*, 83 N.C. App. 224, 226, 349 S.E.2d 627, 629 (1986), *disc. review denied*, 319 N.C. 105, 353 S.E.2d 111 (1987). "[A]ll that is needed is the record of the decision involved and a Superior Court judge to review it." *Id.* at 225, 349 S.E.2d at 628. Rule 19 of the General Rules of Practice for the Superior and District Courts provides the procedure for the hearing of petitions for certiorari in superior court. The rule begins with the procedure for recordari and then notes that certiorari is to be sought in the same manner:

> The Superior Court shall grant the writ of recordari only upon petition specifying the grounds of the application. The petition shall be verified and the writ may be granted with or without notice. When notice is given the petition shall be heard upon answer thereto duly verified, and upon the affidavits and other evidence offered by the parties.... In proper cases *and in like manner*, the court may grant the writ of certiorari.

N.C.R. Prac. 19 (emphasis added).

Petitioner argues that the trial court had subject matter jurisdiction over the case and that if the petition were deficient, she should have been allowed to amend her petition so as to establish her standing to bring the petition. We agree.

Judicial review of a zoning decision can only be requested by an "aggrieved party." *Concerned Citizens v. Bd. of Adjustment of*

**DARNELL v. TOWN OF FRANKLIN**

[131 N.C. App. 846 (1998)]

*Asheville,* 94 N.C. App. 364, 380 S.E.2d 130 (1989). "An aggrieved party is one who can either show an interest in the property affected, or if the party is a nearby property owner, some special damage, distinct from the rest of the community, amounting to a reduction in the value of his property." *Allen v. City of Burlington Bd. of Adjustment,* 100 N.C. App. 615, 397 S.E.2d 657 (1990). When seeking a writ of certiorari, a party must sufficiently plead their aggrieved status in the petition. *See Kentallen, Inc. v. Town of Hillsborough,* 110 N.C. App. 767, 431 S.E.2d 231 (1993).

Here, when the petitioner, as an adjoining property owner, appeared before the Board of Adjustment and at the Town's meeting to object to the granting of the variance, she clearly established that she would be affected by this action, distinct from the rest of the community. However, petitioner did not allege that she was an aggrieved party as required.

Although the petition was deficient in this respect, the trial court retained the "inherent judicial power to inquire into, hear and determine the questions of its own jurisdiction, whether of law or fact, the decision of which is necessary to determine the questions of its jurisdiction." *Burgess v. Gibbs,* 262 N.C. 462, 465, 137 S.E.2d 806, 808 (1964). Thus, while the trial court lacks the power to make an order granting relief where it lacks subject matter jurisdiction, it retains the power to make inquiry whether it has jurisdiction. *See Swenson v. Assurance Co.,* 33 N.C. App. 458, 235 S.E.2d 793 (1977).

A petition for writ of certiorari is a pleading filed in the superior court and is within the scope of the Rules of Civil Procedure which "shall govern the procedure in the superior and district courts of the State of North Carolina in all actions and *proceedings of a civil nature* except when a differing procedure is prescribed by statute." N.C. Gen. Stat. § 1A-1, Rule 1 (1990) (emphasis added). Thus, although N.C.R. Prac. 19 provides a procedure for the issuance of a writ of certiorari upon the filing of a petition, we must turn to Rule 15 of the Rules of Civil Procedure in addressing petitioner's request to amend.

Petitioner argues that the trial court should have allowed her to amend pursuant to Rule 15:

A party may amend his pleading once as a matter of course at any time before a responsive pleading is served. . . . Otherwise a

party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

N.C. Gen. Stat. § 1A-1, Rule 15(a) (1990). We note that Rule 15 is not limited to "civil actions" but applies to "pleadings." *See White v. Union County*, 93 N.C. App. 148, 377 S.E.2d 93 (1989) (Rule 15 applied to pleading seeking relief in the nature of certiorari although writ not requested).

"[A]s a general rule, '(a) pleading may not be amended so as to confer jurisdiction in a particular case stated; but there may be an amendment to show that the jurisdiction exists.' 1 McIntosh, N.C. Practice 2d, s 1285, p. 713." *Crawford v. Board of Education*, 3 N.C. App. 343, 346, 164 S.E.2d 748, 750 (1968), *affirmed*, 275 N.C. 354, 168 S.E.2d 33 (1969). As the record shows that petitioner can establish her status as an aggrieved party, an amendment should be allowed in that regard to show that jurisdiction exists.

Having determined that the petition was a "pleading" within the meaning of the Rules of Civil Procedure, the trial court had the authority to grant the motion to amend the petition and was not required to dismiss due to lack of jurisdiction.

Accordingly, we hold it was error for the trial court to dismiss the petition and we remand the case with instructions that the petitioner be allowed to amend her petition as requested and that the writ of certiorari be granted.

Reversed and remanded.

Judges GREENE and SMITH concur.