GEER, Judge.
*152 Petitioners Russell and Julie Henderson have brought two separate appeals related to petitions for writ of certiorari they filed in superior court seeking review from a determination by the Onslow County Board of Adjustment ("OCBOA"). As the issues presented in the appeals are interrelated and involve common questions of law, we have consolidated the appeals for purposes of decision.
On appeal, petitioners primarily argue that they had a right under Rule 41(a)(1) of the Rules of Civil Procedure to voluntarily dismiss their first petition for writ of certiorari without prejudice and refile it within one year without the refiled petition being *58 deemed untimely. Because we hold that Rule 41(a)(1) did not apply to petitioners' petition for writ of certiorari, and the superior court otherwise had no jurisdiction to hear the refiled petition, the trial court properly dismissed the refiled petition in File No. 13 CVS 2589. While petitioners also argue that the trial court erred in File No. 10 CVS 4596 by denying their motion to amend the petition, because petitioners had voluntarily dismissed that petition, there *153 was no existing petition to amend, and we, therefore, affirm the trial court's denial of the motion to amend.
Facts
Petitioners own a six-bedroom, four-bathroom house located at 162 Peninsula Manor in Hubert, North Carolina in Onslow County ("Peninsula Manor property") that they rent out. The Peninsula Manor property is zoned for residential use, but, on occasion, people have rented the house for weddings and family reunions. On 26 May 2010, the Onslow County Chief Zoning and Environmental Office ("the zoning office") issued petitioners a notice of violation, stating that the holding of weddings and family reunions on the Peninsula Manor property violated the residential zoning ordinance. Petitioners appealed the citation to the OCBOA, which heard the matter on 10 August 2010. On 26 October 2010, the OCBOA upheld the notice of violation.
On 23 November 2010, petitioners filed a petition for review of the OCBOA decision pursuant to N.C. Gen.Stat. § 153A-345(e) in the Onslow County Superior Court in File No. 10 CVS 4596. On 28 June 2012, respondent filed a motion to dismiss for failure to prosecute and lack of subject matter jurisdiction "in that the Respondents were not properly served within 30 days pursuant to G.S. § 153A-345(e2)." The clerk of superior court issued a writ of certiorari on 29 June 2012 and directed respondents to prepare and certify to the superior court the record of proceedings. However, on 30 July 2012, petitioners dismissed their petition by filing a "NOTICE OF VOLUNTARY DISMISSAL" that stated "plaintiffs hereby voluntarily dismiss this action pursuant to Rule 41(a) of the Rules of Civil Procedure WITHOUT prejudice."
On 5 July 2013, petitioners refiled their petition for writ of certiorari in Onslow County Superior Court in File No. 13 CVS 2589. On 11 September 2013, respondent filed a motion to dismiss the refiled petition on multiple bases, including lack of subject matter jurisdiction. The superior court granted respondent's motion to dismiss on 5 February 2014, stating:
IT APPEARING to the Court that the Petitioners dismissed an appeal in the nature of certiorari from a decision by the Onslow County Board of Adjustment and then attempted to re-file the appeal within the one-year time period allowed for in civil actions under Rule 41(a) of the North Carolina Rules of Civil Procedure ;
*154 IT FURTHER APPEARING to the Court that Rule 41(a) is not applicable to appeals in the nature of certiorari from decisions by the Board of Adjustment because appeals of this nature are not civil actions as contemplated by Rule 41(a) ;
IT FURTHER APPEARING to the Court that the initial dismissal of the appeal was thereby with prejudice, which barred any re-filing, and therefore, the Court does not have subject matter jurisdiction in this matter; and
IT FURTHER APPEARING to the Court that the Respondent's Motion to Dismiss is proper and should be allowed.
Petitioners timely appealed to this Court from the order of dismissal in File No. 13 CVS 2589. Subsequent to that appeal, on 16 April 2014, petitioners filed a motion to amend the petition in File No. 10 CVS 4596 pursuant to Rule 15 of the Rules of Civil Procedure, asserting that they had attempted to voluntarily dismiss the petition in that case because the petition was filed pursuant to N.C. Gen.Stat. § 153A-345(e) when it should have been filed pursuant to N.C. Gen.Stat. §§ 153A-349 and 160A-393. The motion to amend contended that the voluntary dismissal without prejudice in File No. 10 CVS 4596 was a "nullity" and, therefore, petitioners should be allowed to amend their petition to comply with the applicable statutes.
*59 On 21 May 2014, the superior court denied the motion to amend "on the basis of undue delay, unfair prejudice due to the pending appeal in 13 CVS 2589, and futility of the amendment." Petitioners timely appealed to this Court from the order denying their motion to amend on 12 June 2014.
I
We first address petitioners' argument that the trial court erred in 13 CVS 2589 in dismissing the refiled petition for lack of jurisdiction. We review a lower tribunal's decision regarding whether it had jurisdiction over a matter de novo. Harper v. City of Asheville, 160 N.C.App. 209, 213, 585 S.E.2d 240, 243 (2003). "Under the de novo standard, the trial court is required to consider the question of jurisdiction 'anew, as if not previously considered or decided' " by the lower tribunal. Id. at 213-14, 585 S.E.2d at 243 (quoting Raleigh Rescue Mission, Inc. v. Bd. of Adjustment of City of Raleigh, 153 N.C.App. 737, 740, 571 S.E.2d 588, 590 (2002) ).
*155 N.C. Gen.Stat. § 153A-345(e2) (2011), which has since been repealed, applied to the petition for writ of certiorari filed in this case.[1] THAT STATUTE PROVIded:
Each decision of the board is subject to review by the superior court by proceedings in the nature of certiorari. Any petition for review by the superior court shall be filed with the clerk of superior court within 30 days after the decision of the board is filed in such office as the ordinance specifies, or after a written copy thereof is delivered to every aggrieved party who has filed a written request for such copy with the secretary or chairman of the board at the time of its hearing of the case, whichever is later.
Id. Therefore, a petition for writ of certiorari seeking review of the OCBOA's decision in this case had to be filed in accordance with the 30-day deadline in N.C. Gen.Stat. § 153A-345(e2).
Although the petition for review in 13 CVS 2589 was filed more than three years after the OCBOA's decision, petitioners contend that it was still timely because they voluntarily dismissed their initial petition, filed in 10 CVS 4596, without prejudice pursuant to Rule 41(a)(1) of the Rules of Civil Procedure and, in accordance with that Rule, refiled the petition in 13 CVS 2589 within one year of the dismissal. Respondent, however, contends that Rule 41(a)(1) does not apply to petitions for writ of certiorari.
The Rules of Civil Procedure "govern the procedure in the superior and district courts of the State of North Carolina in all actions and proceedings of a civil nature except when a differing procedure is prescribed by statute." N.C.R. Civ. P. 1. In Darnell v. Town of Franklin, 131 N.C.App. 846, 849, 508 S.E.2d 841, 844 (1998) (quoting N.C.R. Civ. P. 1 ), this Court concluded that "[a] petition for writ of certiorari is a pleading filed in the superior court and is within the scope of the Rules of Civil Procedure" because certiorari proceedings are " 'proceedings of a civil nature' " within the meaning of Rule 1.
We fully agree with the dissenting opinion that the Rules of Civil Procedure apply to "all actions and proceedings of a civil nature."
*156 N.C.R. Civ. P. 1. Because proceedings of certiorari are " 'proceedings of a civil nature,' " as Darnell held, the Rules of Civil Procedure apply. 131 N.C.App. at 849, 508 S.E.2d at 844 (emphasis omitted) (quoting N.C.R. Civ. P. 1 ). However, although the Rules of Civil Procedure apply to certiorari proceedings, not every Rule of Civil Procedure is applicable to petitions for writ of certiorari. For example, Rule 38(b) of the Rules of Civil Procedure states that "[a]ny party may demand a trial by jury of any issue triable of right by a jury[.]" In a general sense, Rule 38(b) "applies" to certiorari proceedings because it is one of the Rules of Civil Procedure, and the certiorari proceeding is a "proceeding of a civil nature." However, in a more specific sense, Rule 38(b) does not "apply" to certiorari proceedings in that the rights included therein are not applicable *60 to certiorari proceedings. A petition for writ of certiorari is not an "issue triable of right by a jury." Id. Similarly, because a petition for writ of certiorari does not initiate an action, because petitioners are not plaintiffs in the underlying action, and because the underlying action had already been decided before petitioners attempted to voluntarily dismiss it, Rule 41(a) (1) was not applicable in the case before us.
Contrary to the suggestion of the dissenting opinion, the Court in Darnell did not hold that each of the Rules of Civil Procedure applies to certiorari proceedings. Instead, our appellate courts have held that certain of the Rules of Civil Procedure apply to petitions for writ of certiorari filed in the trial court, while others do not. See Philadelphus Presbyterian Found., Inc. v. Robeson Cnty. Bd. of Adjustment, 231 N.C.App. 714, 754 S.E.2d 258, 2014 N.C.App. LEXIS 51, at *15, 2014 WL 47325, at *6 (unpublished) ( "[N]either this Court nor the Supreme Court has ever held that the North Carolina Rules of Civil Procedure, considered in their entirety, apply in certiorari proceedings conducted pursuant to N.C. Gen.Stat. § 160A-393, which, as we have already noted, bear a much greater resemblance to appellate proceedings than to ordinary civil actions."), disc. review denied, 367 N.C. 504, 758 S.E.2d 873 (2014).
Thus, on the one hand, the Supreme Court in Batch v. Town of Chapel Hill, 326 N.C. 1, 11, 387 S.E.2d 655, 662 (1990), held a superior court hearing a petition for writ of certiorari may not grant summary judgment pursuant to Rule 56 of the Rules of Civil Procedure because "[m]otions for summary judgment are properly heard in the trial courts" and "[h]ere, the superior court judge was sitting as an appellate court, not a trial court." On the other hand, this Court has held that Rule 62 of the Rules of Civil Procedure relating to the stay of proceedings pending appeal does apply to certiorari proceedings. See Estates, Inc. v. Town of Chapel Hill, 130 N.C.App. 664, 667, 504 S.E.2d 296, 299 (1998)
*157 ("[W]e believe that Rule 62 does apply to a superior court's review under 160A-381 of a town council's grant or denial of a special use permit, even though the superior court reviews that decision as an appellate court.").
As the Supreme Court emphasized in Batch, certain Rules of Civil Procedure do not apply to petitions for writ of certiorari because they are not relevant to those proceedings. Rule 56 is inapplicable because of the nature of the standard of review: "The sole question before the trial court regarding this administrative proceeding was whether the decision of the Town Council of Chapel Hill was based upon findings of fact supported by competent evidence [in the certified record] and whether such findings support the conclusion reached by the town." 326 N.C. at 12, 387 S.E.2d at 662. Because of this standard of review, the trial court could not grant a motion for summary judgment, which, under Rule 56, would necessarily be based on evidence presented in the first instance to the trial court and require the trial court to substitute its assessment of the evidence for that of the Town. Id. at 11, 387 S.E.2d at 662. Rule 56 is simply not relevant to petitions for writ of certiorari seeking review of decisions of a board of adjustment.
In Darnell, this Court specifically addressed whether Rule 15 applies to a petition for writ of certiorari. The Court quoted Rule 15 : " 'A party may amend his pleading once as a matter of course at any time before a responsive pleading is served.' " 131 N.C.App. at 849, 508 S.E.2d at 844 (quoting N.C.R. Civ. P. 15). After reviewing the language of Rule 15, the Court noted "that Rule 15 is not limited to 'civil actions' but applies to 'pleadings.' " Id. at 850, 508 S.E.2d at 844. The Court, therefore, held: "Having determined that the petition was a 'pleading' within the meaning of the Rules of Civil Procedure, the trial court had the authority to grant the motion to amend the petition...." Id.
Darnell thus instructs that we look first at the actual language of the Rule of Civil Procedure to determine whether it applies to proceedings pursuant to petitions for writ of certiorari. The pertinent portion of Rule 41(a)(1) relied upon by petitioners provides:
[A]n action or any claim therein may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at *61 any time before the plaintiff rests his case, or; (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a *158 plaintiff who has once dismissed in any court of this or any other state or of the United States, an action based on or including the same claim. If an action commenced within the time prescribed therefor, or any claim therein, is dismissed without prejudice under this subsection, a new action based on the same claim may be commenced within one year after such dismissal unless a stipulation filed under (ii) of this subsection shall specify a shorter time.
(Emphasis added.) Rule 41(a)(1) thus is confined to "actions" and, in contrast to Rule 15, is not made applicable to pleadings.
It is well established that a petition for writ of certiorari is not a civil action. As this Court explained in Little v. City of Locust, 83 N.C.App. 224, 349 S.E.2d 627 (1986) :
A petition for certiorari is not an action for civil redress or relief as is a suit for damages or divorce; a petition for certiorari is simply a request for the court addressed to judicially review a particular decision of some inferior tribunal or government body.... [A] petition for certiorari is not the beginning of an action for relief ...; in effect it is an appeal from a decision made by another body or tribunal. Certiorari was devised by the early common law courts as a substitute for appeal and it has been so employed in our jurisprudence since the earliest times.
Id. at 226-27, 349 S.E.2d at 629. Because a petition for writ of certiorari is not a civil action within the meaning of the Rules of Civil Procedure and because Rule 41(a)(1) applies only to civil actions, Rule 41(a)(1) by its express terms does not apply to petitions for writ of certiorari.
In addition, this Court has already held that when a party seeks review of a quasi-judicial zoning decision denying a special use permit, the "matter [is] not commenced by the filing of" the pleading in the superior court challenging the denial, but rather is "commenced by the filing of plaintiff's application for a special use permit with defendant[.]" Northfield Dev. Co. v. City of Burlington, 165 N.C.App. 885, 888-89, 599 S.E.2d 921, 924 (2004). Likewise, here, this proceeding was not commenced with the filing of the petition for writ of certiorari. Instead, this proceeding was initiated by the zoning office when it issued petitioners a notice of violation. Assuming that Rule 41(a)(1) did apply to this proceeding, if any party could be deemed the plaintiff, it would have to be the zoning office, which initiated the proceedings. In filing the petition for writ of certiorari, petitioners were simply following the only route *159 of appeal available to them from the final decision of the OCBOA, when they filed the 23 November 2010 petition for writ of certiorari. See, e.g., Batch, 326 N.C. at 11, 387 S.E.2d at 662 (holding that "[i]n reviewing the errors raised by plaintiff's petition for writ of certiorari, the superior court was sitting as a court of appellate review"). Petitioners could no more voluntarily dismiss the petition for writ of certiorari and refile it outside the statutorily-mandated time frames than could a party file a notice of appeal, dismiss it, and refile it after the 30-day deadline for appeals had run.
Moreover, Rule 41(a)(1) provides that a plaintiff may dismiss the action "at any time before the plaintiff rests his case[.]" Our courts have interpreted "rests his case" to include not only a plaintiff resting his or her case at trial, but also to motions for summary judgment when the plaintiff has had an opportunity to present evidence and make arguments on the merits of his or her claims. See, e.g., Maurice v. Hatterasman Motel Corp., 38 N.C.App. 588, 591-92, 248 S.E.2d 430, 432-33 (1978) ("The decision of the court resulting from a motion for summary judgment is one on the merits of the case. All parties have an opportunity to present evidence on the question before the court. Where a party appears at a summary judgment hearing and produces evidence or is given an opportunity to produce evidence and fails to do so, and the question is submitted to the court for decision, he has 'rested his *62 case' within the meaning of Rule 41(a)(1)(i) of the North Carolina Rules of Civil Procedure. He cannot thereafter take a voluntary dismissal under Rule 41(a)(1)(i)."). Compare Wesley v. Bland, 92 N.C.App. 513, 515, 374 S.E.2d 475, 476 (1988) (holding that although plaintiffs submitted affidavits in opposition to summary judgment motion, plaintiffs had not rested their case under Rule 41(a)(1)(i) because "[w]hen it was plaintiffs' attorney's turn to speak, he orally took a voluntary dismissal" and "prior to this plaintiffs' attorney had not been given an opportunity to present additional evidence or argue his clients' position").
Under the Maurice test, even assuming petitioners could be considered plaintiffs, they would have "rested their case" in the proceeding before the OCBOA after they submitted evidence and argued their position on the merits of their challenge to the notice of violation. Consequently, Rule 41(a)(1)(i) would not authorize a voluntary dismissal in the superior court.
Therefore, we hold that Rule 41(a)(1) is simply not relevant to petitions for writ of certiorari seeking review of decisions of a board of adjustment. Because Rule 41(a)(1) did not apply to File No. 10 CVS 4596 and, therefore, did not allow petitioners to refile their petition within a *160 year of the voluntary dismissal of the 10 CVS 4596 petition, the petition filed in 13 CVS 2589 was untimely, and the trial court properly dismissed it. See Teen Challenge Training Ctr., Inc. v. Bd. of Adjustment of Moore Cnty., 90 N.C.App. 452, 455, 368 S.E.2d 661, 664 (1988) (affirming dismissal of untimely petition for certiorari to superior court).
II
Petitioners argue alternatively that if the trial court properly dismissed their petition in 13 CVS 2589 because Rule 41(a)(1) did not apply to the proceedings in 10 CVS 4596, then their dismissal was a "nullity," and the trial court should have granted their motion to amend the petition in 10 CVS 4596 pursuant to Rule 15. We disagree.
While Darnell holds that Rule 15 does apply to petitions for writ of certiorari, at the time petitioners moved to amend the petition in 10 CVS 4596, the petition had already been dismissed and there was no proceeding pending. Even though Rule 41(a)(1) did not apply to 10 CVS 4596, as the parties initiating the certiorari proceedings, petitioners still had the ability to voluntarily dismiss their petition just as a party may seek to dismiss an appeal in this Court. See Camden Sewer Co. v. Mayor & City Council of Salisbury, 157 Md. 175, 184, 145 A. 497, 500 (1929) ("We are of the opinion that ordinarily and as a general rule the complainant is master of his own litigation and has the right to dismiss his proceedings at any time up to a final determination of the case, by following the approved practice of making application to the court for leave so to do[.]").
Petitioners voluntarily dismissed the petition in 10 CVS 4596 and the fact that they did so under a mistaken understanding of the applicability of Rule 41(a)(1) does not render that dismissal null and void. Consequently, because the petition for review had already been dismissed, there was no petition to amend, and the trial court did not err in denying the motion to amend.
AFFIRMED.
Judge McGEE concurs.
Judge TYSON dissents in a separate opinion.

N.C. Gen.Stat. § 153A-345.1 (2013) now provides that the provisions of N.C. Gen.Stat. § 160A-388 (2013) apply to counties as well as cities and towns. N.C. Gen.Stat. § 160A-388(e2)(2) still provides for a 30-day deadline for the filing of a petition for writ of certiorari seeking review of a board of adjustment decision.