TYSON, Judge, dissenting.
*161 I agree with the majority's conclusion that the Rules of Civil Procedure apply to certiorari proceedings. I cannot concur and respectfully dissent from the majority's conclusion that Rule 41 of the Rules of Civil Procedure does not apply to certiorari proceedings before the superior court. The rationale adopted by the majority's opinion does not permit parties on petitions for writ of certiorari to have advance knowledge of which rules will apply to their proceeding. Rule 41 is a part of the statutorily enacted North Carolina Rules of Civil Procedure, which expressly applies to all " proceedings of a civil nature" including certiorari proceedings reviewing decisions of local government and state agencies or otherwise. N.C. Gen.Stat. § 1A-1, Rule 1 (2013).
*63 In the alternative and under our binding precedents, I would allow Petitioners to amend their original petition under Rule 15 of the Rules of Civil Procedure. I also respectfully dissent from the majority opinion's conclusion that the trial court properly denied petitioners' motion to amend the original petition in File No. 10 CVS 4596.
I. "Actions and Proceedings of a Civil Nature"
The Rules of Civil Procedure, including Rule 41 at issue here, apply to "all actions and proceedings of a civil nature, " to include civil proceedings of certiorari before the superior courts. N.C. Gen.Stat. § 1A-1, Rule 1 (emphasis supplied). This Court has specifically addressed and held a petition for writ of certiorari seeking review of a local government action
is a pleading filed in the superior court and is within the scope of the Rules of Civil Procedure which 'shall govern the procedure in the superior and district courts of the State of North Carolina in all actions and proceedings of a civil nature except when a differing procedure is prescribed by statute.'
Darnell v. Town of Franklin, 131 N.C.App. 846, 849, 508 S.E.2d 841, 844 (1998) (emphasis in original) (quoting N.C. Gen.Stat. § 1A-1, Rule 1 ). The statute applicable here does not prescribe a "differing procedure." Id. In Darnell , the Court determined the petition for writ of certiorari was a "pleading," and held Rule 15 of the Rules of Civil Procedure allowed the petitioner to amend the petition. Id. at 849-50, 508 S.E.2d at 844.
The purpose of the Rules of Civil Procedure is to provide all parties and the court with prior notice and certainty of the governing procedural *162 processes for civil proceedings. The Rules of Civil Procedure are an entrée and not a buffet. No court is free post hoc to pick and choose ad hoc which and when the statutorily required Rules will apply. Due process is denied if a party cannot determine in advance which procedural rules will be applied and enforced by the court in a particular civil proceeding.
II. Precedents of this Court
In many prior cases, our Court has applied the Rules of Civil Procedure to certiorari proceedings. In Mize v. Cnty. of Mecklenburg, 80 N.C.App. 279, 341 S.E.2d 767 (1986), we considered whether the superior court erred by dismissing the petitioners' claim for failure to join a necessary party under Rule 12(b)(7) of the Rules of Civil Procedure. This Court held the trial court abused its discretion under the Rule by failing to allow the petitioners to amend the petition to join the Zoning Board of Adjustment as a party to the certiorari review. Id. at 283-84, 341 S.E.2d at 770.
In N.C. Alliance for Transp. Reform, Inc. v. N.C. Dep't of Transp., 183 N.C.App. 466, 645 S.E.2d 105 (2007), the petitioners sought review by writ of certiorari of the Environmental Assessment and Finding of No Significant Impact prepared by the North Carolina Department of Transportation ("NCDOT") for a particular improvement program. NCDOT moved to dismiss the petition based on, inter alia, Rules 12(b)(1), (2), and (6) of the Rules of Civil Procedure. Id. at 467-68, 645 S.E.2d at 107. The trial court concluded it lacked subject matter jurisdiction, because the petitioners were not aggrieved persons under N.C. Gen.Stat. § 150B-43 and had failed to exhaust all administrative remedies before seeking judicial review. Id. at 468, 645 S.E.2d at 107.
Petitioners then filed a "Motion to Alter or Amend Order" pursuant to Rule 59(e) of the Rules of Civil Procedure. Id. (citing N.C. Gen.Stat. § 1A-1, Rule 59(e) ). This Court conducted a lengthy analysis of whether the superior court erred in denying the petitioners' Rule 59(e) motion, and concluded the trial court "properly held that the Motion to Alter or Amend violated Rule 7(b)(1) [of the Rules of Civil Procedure] and was not a proper Rule 59(e) motion." Id. at 470, 645 S.E.2d at 108-09.
In Bailey & Assocs. Inc. v. Wilmington Bd. of Adjustment, 202 N.C.App. 177, 193, 689 S.E.2d 576, 588 (2010), we held the trial court did not err under Rule 60 of the Rules of Civil Procedure by denying a motion to dismiss issues raised by the petition for writ of certiorari.
*64 *163 In Estates, Inc. v. Town of Chapel Hill, 130 N.C.App. 664, 667, 504 S.E.2d 296, 299 (1998), we held Rule 62 of the Rules of Civil Procedure applies to the superior court's review of a town council's grant or denial of a special use permit. Compare, Batch v. Town of Chapel Hill, 326 N.C. 1, 387 S.E.2d 655, cert. denied, 496 U.S. 931, 110 S.Ct. 2631, 110 L.Ed.2d 651 (1990) (holding a motion for summary judgment under Rule 56 of the Rules of Civil Procedure was improper on the issues raised in the certiorari petition, because the superior court could not admit or rely upon factual considerations, not considered by the town council and not included in the administrative record).
The majority opinion cites this Court's unpublished opinion in Philadelphus Presbyterian Found., Inc. v. Robeson Cnty. Bd. of Adjustment, 231 N.C.App. 714, 754 S.E.2d 258, 2014 WL 47325, 2014 N.C.App. LEXIS 51 (unpublished), disc. review denied, 367 N.C. 504, 758 S.E.2d 873 (2014). This non-binding opinion highlights the predicament of inconsistent application of the Rules of Civil Procedure to these proceedings. In that case, the Robeson County Board of Commissioners approved an application for a conditional use permit relating to rock blasting operations. Id. at *1-2, 2014 N.C.App. LEXIS 51, at *4. The petitioners sought review in the superior court by petition for writ of certiorari, but failed to join a necessary party. Id.
This Court reviewed the trial court's denial of the petitioners' motion to allow them to join the necessary party. Id. at *4-5, 2014 N.C.App. LEXIS 51, at *11-12. This Court declined to hold the Rules of Civil Procedure applied to the proceeding on certiorari, but held:
[D]espite the absence of any statutory justification for concluding that the principles enunciated in N.C. Gen.Stat. § 1A-1, Rule 15, should be incorporated into certiorari proceedings conducted pursuant to N.C. Gen. Stat. § 160A393, we do agree that some sort of amendment procedure should, in appropriate circumstances, be available in such proceedings. As a result, we will assume, without deciding, that the principles enunciated in N.C. Gen.Stat. § 1A-1, Rule 15, govern the allowance of amendment motions in certiorari proceedings conducted pursuant to N.C. Gen.Stat. § 160A-393.
Id. at *6, 2014 N.C.App. LEXIS 51, at *16 (second emphasis supplied). The Court's unpublished opinion in Philadelphus failed to cite or recognize the unanimous and controlling precedent of Darnell v. Town of Franklin, 131 N.C.App. at 849, 508 S.E.2d at 844 on this precise issue, but yet agreed with its conclusion that amendments are allowed under Rule 15.
*164 This Court in Philadelphus recognized the inherent problems arising from conducting civil proceedings without clearly defined and uniformly applied procedural rules. The Rules of Civil Procedure are the statutorily adopted and binding rules to govern these "proceedings of a civil nature." N.C. Gen.Stat. § 1A-1, Rule 1.
III. Rule 41
I disagree with the majority's holding that, while the Rules of Civil Procedure apply to certiorari proceedings, Rule 41 is specifically inapplicable. Rule 41, in relevant part states:
... [A]n action or any claim therein may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before the plaintiff rests his case, or; (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of this or any other state or of the United States, an action based on or including the same claim. If an action commenced within the time prescribed therefor, or any claim therein, is dismissed without prejudice under this subsection, a new action based on the same claim may be commenced within one year after such dismissal unless a stipulation filed under (ii) of this subsection shall specify a shorter time.
*65 N.C. Gen.Stat. § 1A-1, Rule 41(a)(1)(2013) (emphasis supplied).
The majority's opinion holds Rule 41 is inapplicable to certiorari proceedings because certiorari proceedings are not "actions." The majority opinion narrowly construes Little v. City of Locust, in which this Court stated, "a petition for writ of certiorari is not the beginning of an action." 83 N.C.App. 224, 226, 349 S.E.2d 627, 629 (1986) (second emphasis supplied).
While a petition for writ of certiorari is not necessarily the beginning of an action, it is not precluded from the statutory definition of "action." An "action" is defined as "an ordinary proceeding in a court of justice, by which a party prosecutes another party for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment or prevention of a public offense." N.C. Gen.Stat. § 12 (2013). The *165 statutory definition of "action" applies to certiorari petitions, in which the petitioner seeks review of the local government's decision for the purpose of protecting their rights and seeking "the redress or prevention of a wrong." Id.
The majority also incorrectly interprets the definition of a "plaintiff" under Rule 41, and concludes the rule does not apply to "petitioners" because they are not "plaintiffs." Their analysis again ignores the statutes and prior case law.
"In civil actions the party complaining is the plaintiff[.]" N.C. Gen.Stat. § 1-10 (2013). "The interchangeable use of the words 'plaintiff' and 'petitioner' is found in our case law as well as our statutes. For all practical purposes, the words 'petitioner' and 'plaintiff' are synonymous." Housing Authority of Greensboro v. Farabee, 284 N.C. 242, 246, 200 S.E.2d 12, 15 (1973).
I also disagree with the majority's assertion that, even if the petitioners are "plaintiffs" under Rule 41, they "rested their case" before the Board of Adjustment after they submitted evidence and argued their position. The Rules of Civil Procedure may or may not expressly apply to proceedings before the Board of Adjustment as they do in superior court. Plaintiff could not have "rested his case" before that tribunal for purposes of Rule 41, which applies to the certiorari proceeding before the superior court. Plaintiff could not have "rested his case" under the Rules of Civil Procedure before his case was in a court of justice.
I agree with the majority's opinion that the Rules of Civil Procedure apply to certiorari proceedings. I do not agree with their conclusion that Rule 41 is inapplicable to certiorari proceedings. Because we all agree the Rules of Civil Procedure apply to certiorari proceedings, the party asserting application of the rule is entitled to the presumption of general applicability. Since the parties and the court must presume the Rules of Civil Procedure apply to this proceeding, the burden rests upon the party asserting non-applicability to show the reasons and to show prejudice. Respondent has failed to and cannot show any prejudice here.
IV. Motion to Amend the Petition
Petitioners originally filed their petition for writ of certiorari on 23 November 2010 (File No. 10 CVS 4596). On 30 June 2012, Petitioners filed a notice of voluntary dismissal under Rule 41 stating the dismissal was voluntarily entered without prejudice. Petitioners re-filed their petition within one year of their voluntary dismissal without prejudice (File No. 13 CVS 2589). The superior court concluded Rule 41 was inapplicable to *166 certiorari proceedings and dismissed the re-filed petition. Thereafter, on 16 April 2014, petitioners moved to amend the original petition to comply with the applicable statutes.
If Rule 41 does not apply to certiorari proceedings, to prevent prejudice, I would alternatively hold Petitioners are allowed to amend their petition in File No. 10 CVS 4596 under Rule 15, which we all agree clearly applies to these proceedings.
The majority concludes Petitioners are unable to amend their original petition, because they had dismissed the petition without prejudice and the petition no longer existed before the court. If the majority is correct that Rule 41 does not apply to certiorari proceedings, the notice of voluntary dismissal in File No. 10 CVS 4596, which was entered pursuant to Rule 41, is a nullity and void. In that instance, the petition in *66 File No. 10 CVS 4596 remains a viable proceeding. Rule 41 cannot be parsed or re-written by the majority to allow a binding dismissal, and to disregard Petitioners' express condition of "without prejudice" and the right to re-file under the same rule.
We all agree and our Court has previously held that Rule 15 of the Rules of Civil Procedure applies to certiorari proceedings and petitions for writ of certiorari may be amended under the Rule. Darnell, 131 N.C.App. at 849-50, 508 S.E.2d at 844. Onslow County has not shown and cannot show any prejudice by allowing petitioners to amend their petition under Rule 15.
V. Conclusion
The Rules of Civil Procedure apply to certiorari proceedings before the superior court. Id. It is patently unfair to allow a party or the court to pick and choose, after the fact, which of the statutorily enacted Rules, by which it will be bound. In light of the numerous precedents and our holding here that the Rules of Civil Procedure do apply, the petitioners and courts must presume the particular Rule at issue applies, unless the party who contests the application of the Rule carries the burden and shows prejudice for the Rule to be inapplicable.
Rule 41 of the Rules of Civil Procedure equally applies to civil proceedings before the superior court. Pursuant to Rule 41, petitioners were allowed to dismiss without prejudice and re-file their petition for writ of certiorari within a year of the voluntary dismissal. Id. Onslow County has not and cannot show any prejudice by being bound by the Rules of Civil Procedure upon review.
*167 In the absence of the right to dismiss without prejudice and re-file under Rule 41, petitioner clearly retained the right to amend its petition under Rule 15. I respectfully dissent.