An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-970

Filed 20 August 2025

Orange County, No. 19 CVD 000301-670

RUTH ANNE BARD, Plaintiff,

v.

MARK ANDREW RAMPEL, Defendant.

Appeal by Defendant from order entered 9 May 2024 by Judge Joal Hall Broun in Orange County District Court. Heard in the Court of Appeals 9 April 2025.

> *Law Offices of Ann Marie Vosburg, by Ann Marie Vosburg, and Donna Ambler Davis, PC, by Donna Ambler Rice and Robin F. Verhoeven, for Plaintiff–Appellee.*

> *Defendant–Appellant, Mark A. Rampel, pro se.*

MURRY, Judge.

Mark A. Rampel (Defendant) appeals from the trial court's order granting Ruth A. Bard's (Plaintiff) motion to dismiss and request for attorney's fees. For the reasons below, this Court affirms the trial court's order. We also allow Plaintiff's motion for sanctions under Rule 34(c) and remand for a hearing to enter an order awarding Plaintiff's costs and expenses, including reasonable attorneys' fees.

## I. Background

Plaintiff and Defendant married in 1999, separated in 2018, and divorced in 2020. They had three children together, respectively born in 2000, 2001, and 2006. The youngest child attained the age of majority in April of 2024. The parties had several claims against each other arising out of their separation and divorce. The order at issue here arises from Plaintiff's 27 February 2019 complaint. On 28 February 2019, the trial court entered a permanent injunction by consent resolving the Rule 65 injunction claim and a custody-consent order resolving the issue of custody. On 16 May 2019, Defendant filed his answer and counterclaim for equitable distribution.

On 4 June 2019, the trial court entered a consent order setting aside the permanent injunction. That same day, both parties also filed a Notice of Voluntary Dismissal under Rule 41(a)(1) of the claims and counterclaim without prejudice See N.C. R. Civ. P. 41(a)(1). Despite this voluntary dismissal, Defendant filed a "Rule 60(b)(6) Motion for Relief from Consent Custody Order and Motion to Modify Custody" on or about 1 July 2020. On 31 August 2020, Defendant filed a "Motion to Appoint a Guardian Ad Litem" (GAL) to "make recommendations concerning custody and visitation" regarding the remaining minor child. On or about 9 November 2020, the trial court appointed a GAL with the consent of both parties. On 28 May 2021, the trial court allowed Defendant's attorney to withdraw as counsel. Shortly after, Defendant also withdrew his motion to set aside or modify the custody order "because it . . . bec[a]me futile" "over the passage of time."

On 8 September 2023, Defendant filed a motion for final determination and motion to vacate child custody order under Rule 65(c), (e). This motion included allegations related to several other cases between Plaintiff and Defendant, including a claim for a domestic violence protective order (DVPO) filed in 2018 and another complaint filed by Plaintiff in 2020. Defendant filed the "Motion to Vacate Child Custody Order" in the case both parties had voluntarily dismissed back inin2019. The allegations involve a long history of disputes between the parties and Defendant's contentions regarding alleged misconduct of Plaintiff's counsel. Between 8 November 2023 and 31 January 2024, Defendant filed four documents entitled: "A Process Perspective in Support of Motion to Vacate Custody Order"; "Motion to Modify Motion for Final Determination and Motion to Vacate Custody Order"; "Pattern of Misconduct, Duress and Inferences of Bad Faith"; and "Status Report [24 January] 2024." On 13 March 2024, Plaintiff replied to Defendant's motions. Plaintiff noted that most of the court actions Defendant addressed in his various documents had been previously dismissed, such as the Rule 65 Injunction, which had been dismissed by consent, and the 2019 DVPO. She also noted that the claims in 19 CVD 301 had been voluntarily dismissed by the parties. Plaintiff requested an award of attorneys' fees because Defendant's claims were "not based on any arguable law or in fact," were "frivolous," and rose "to the level of harassment of the Plaintiff."

After a hearing, the trial court granted Plaintiff's motion to dismiss and request for attorneys' fees. The trial court's Order includes detailed findings of fact

regarding the procedural history of this case and the other actions between the parties. In relevant part, the trial court found that "since both the Rule 65 restraining order in File No: 19 CVD 301 and the Domestic Violence Action in File No. 18 CVD 1704 were dismissed[,] this court has no jurisdiction in which to grant the relief requested by the Defendant and his motions should be dismissed." It also found that the parties' youngest child attained the age of 18 in April 2024. The Order documented that "Defendant's motions rise to the level of harassment and bad faith on the part of the Defendant which has resulted in the Plaintiff and the Plaintiff's attorneys expending substantial time and effort to defend his motions." The trial court concluded that Defendant filed his accumulated motions "in bad faith and . . . [to] harass[ ]" Plaintiff because they lacked "any arguable law or fact." The Order dismissed Defendant's motions with prejudice and awarded attorneys' fees to Plaintiff's counsel. Defendant timely appealed.

## II. Jurisdiction

This Court has jurisdiction to hear Defendant's appeal because the trial court's order granting Plaintiff's motion to dismiss and granting attorneys' fees is the "final judgment of a district court in a civil action." N.C.G.S. § 7A-27(b)(2) (2023).

## III. Analysis

On appeal, Defendant argues that the trial court erred by granting Plaintiff's motion to dismiss the entire case and to sanction him for attorneys' fees. Defendant does not challenge any of the trial court's findings of fact as unsupported by the

evidence. "Findings of fact not challenged by respondent are deemed supported by competent evidence and are binding on appeal." *In re L.N.G.*, 377 N.C. 81, 84 (2021) (quotation omitted). Defendant also does not challenge any of the trial court's conclusions of law as unsupported by the findings and identifies no legal error in the trial court's conclusions of law. *See Woodcock v. Cumberland Cnty. Hosp. Sys., Inc.*, 384 N.C. 171, 178 (2023). His arguments repeat his various grievances from these entire proceedings, including matters not before this Court on appeal.

We also note that the trial court found that even at the time of its Order, the issue of child custody was already moot. *See Carolina Marina & Yacht Club v. New Hanover Cnty. Bd. of Comm'rs*, 207 N.C. App. 250, 252 (2010(ruling that when "questions originally in controversy between the parties are no longer at issue" and "issues before a court . . . become moot," then a "case should be dismissed" (quotations omitted)). The only non-moot issue addressed in the Order on appeal is the award of attorneys' fees. Defendant has not challenged the trial court's findings or conclusions as to the award of attorneys' fees. Thus, the Order is affirmed.

To the extent Defendant avers other arguments in his brief, we dismiss those arguments as noncompliant with Rule 28 of the North Carolina Rules of Appellate procedure. *See* N.C. R. App. P. 28(a) ("[A]ll briefs . . . [must] define clearly the issues . . . to the reviewing court and . . . present the arguments and authorities upon which the parties rely in support of their respective positions thereon."); *see also Bald Head Island, Ltd. v. Vill. of Bald Head Island*, 175 N.C. App. 543, 549 (2006) ("Here,

plaintiffs' brief does not define clearly the question they wish for us to review, and this Court may not create an appeal for an appellant. Thus, we cannot review these arguments." (citation and quotation omitted)). We dismiss arguments in Defendant's brief that are not clearly defined because "[t]he Rules of Appellate Procedure are mandatory" and "apply to everyone," including *pro se* litigants. *Bledsoe v. Cnty. of Wilkes*, 135 N.C. App. 124, 125 (1999). We also note that the record on appeal and Defendant's brief address many issues raised in other proceedings not relevant to the Order on appeal.

Plaintiff filed a motion for attorneys' fees pursuant to Rule 34 of the North Carolina Rules of Appellate Procedure, alleging that "Defendant's appeal is not well grounded in fact and was not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law" and that the appeal was taken for an improper purpose: to harass Plaintiff. For the reasons stated above, we conclude Defendant's appeal was frivolous and was taken for an improper purpose. Therefore, we determine that sanctions are warranted and we allow Plaintiff's motion for an award of costs and expenses, including reasonable attorneys' fees, for this appeal. *See* N.C.R. App. P. 34 (a)(1)–(2) (allowing sanctions for "frivolous" appeals taken "for an improper purpose"). Under Rule 34(c), we remand to the trial court for a hearing to determine Plaintiff's costs and expenses, including reasonable attorneys' fees. *See* N.C. R. App. P. 34(b)(2) (sanctions may include "reasonable" attorneys' fees "incurred because of the frivolous appeal"); *id.* 34(c) (allowing remand for a sanctions

determination hearing); *Yeager v. Yeager*, 232 N.C. App. 173, 183 (2014).

## IV.  Conclusion

For the reasons discussed above, this Court affirms the trial court's order granting Plaintiff's motion to dismiss and request for attorneys' fees and thus remands to the trial court for a hearing to determine Plaintiff's costs and expenses.

AFFIRMED AND REMANDED.

Judges STROUD and STADING concur.

Report per Rule 30(e).